## INGENUITIES CORPORATION OF AMERICA et al. v. METCALF NECKWEAR CO. et al.

District Court, S. D. New York.

Oct. 2, 1940.

576

Herbert L. Slote, of New York City, for plaintiffs.

Proskauer, Rose & Paskus, of New York City, for defendant May Department Stores Co.

Lipton & Nachby, of New York City, for defendant Morton J. Adelson.

Murray Rosof, of New York City, for defendants and appearing specially for Fred D. Metcalf.

MANDELBAUM, District Judge.

These are motions by defendants, The Metcalf Neckwear Company and The May Department Stores Company, to dismiss part of the complaint, or, in the alternative, for bills of particulars. In addition, the defendant, Fred D. Metcalf, moves to dismiss the complaint as to him on the ground of improper service of process, and defendant, Morton J. Adelson, moves to dismiss the complaint as to him on the ground that there is no diversity of citizenship between him and the plaintiffs.

The facts in the case which are important to the disposition of the motions are as follows: Plaintiffs, a corporation organized and existing under the laws of the State of New York, and an individual who is a citizen and resident of the State of New York, allege that defendants, Metcalf Neckwear Company, a corporation organized under the laws of the State of Ohio, and having an office in the City of New York, defendant, Fred Metcalf, a citizen and resident of the State of Ohio, defendant, The May Department Store Co., a corporation organized under the laws of the State of New York, and defendant Morton J. Adelson, a citizen and resident of the State of New York, have infringed upon certain patents owned by plaintiffs covering the manufacture of neckties and have infringed upon certain registered trade-marks owned by plaintiffs. These charges are set forth in the first cause of action, which also contains allegations to the effect that the above-named defendants are guilty of unfair competition in that they have palmed off their own products as those of the plaintiffs.

For a separate and second cause of action, plaintiffs, in addition to reiterating the charges made in the first cause of action, allege that the above-named defendants and the defendant, Morton J. Adelson, who had been in the employ of the defendants, have entered into an unlawful and illegal plan and conspiracy "for the purpose of defrauding the plaintiffs and for the purpose of fraudulently affecting a cancellation of certain agreements made between the plaintiff and Metcalf Neckwear Co.". The second cause of action concludes with the following allegation: "* * * That subsequently the Defendants, Fred D. Metcalf and The Metcalf Neckwear Company in furtherance of the said plan and conspiracy, conspired with the Defendant, The May Department

Stores Company to manufacture and sell, or cause to be manufactured and sold Men's Neckties, which violate the various rights of Plaintiffs to the grave and irreparable damage to the Plaintiffs, and to the great and substantial profit to the conspirators aforementioned."

 ·First, the motion made by defendant, Fred Metcalf, must be granted. As he is not an inhabitant of this district, process can only be served upon him here if he has committed an act of infringement here and has here a regular and established place of business. 28 U.S.C.A. § 109. Service of process upon him in this place of business must be made upon an agent of his conducting such a business. Here, service of process was attempted upon one Ruth Schwartz at the office of the Metcalf Neckwear Company and it is not contradicted that Ruth Schwartz is not an agent of Fred Metcalf.

Secondly, the motion made by all four moving defendants to dismiss the second cause of action must be granted. Two of these defendants, namely, Morton J. Adelson and May Department Stores, are citizens of the same state as plaintiffs. As pleaded, the second cause of action must show a diversity of citizenship to sustain the jurisdiction of this court. The fact that the complaint in the first cause of action also contains counts based upon trade-mark and patent infringement with respect to which this court has a jurisdiction independent of diversity of citizenship is not enough to allow a second cause of action for conspiracy to defraud plaintiffs to be joined in the same complaint. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; Corning Glass Works v. Pasmantier, D.C., 30 F.Supp. 477; Lewis v. Vendome Bags, 2 Cir., 108 F.2d 16, certiorari denied 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008; Collins v. Metro-Goldwyn Mayer Pictures Corp., 2 Cir., 106 F.2d 83.

As the complaint stands, it appears on its face that there is no complete diversity of citizenship as between the parties plaintiffs and defendant, such as is necessary to support a second cause of action.

In addition to the alternative motion for a bill of particulars, defendant, May Department Stores Company, also moves for a bill of particulars with respect to the first cause of action. The complaint is loosely drawn and it seems to me that defendants' contention to the effect that they cannot prepare a proper answer without some of the requested particulars is well taken. In general, it has been the practice of this court to discourage motions for bills of particulars and to limit particulars to what is necessary for a party to answer. Patent cases, however, are sui generis and particulars are granted more liberally. Holtzoff, New Federal Procedure and the Court, p. 40 et seq. I shall, therefore, grant some of particulars. Specifically, with reference to the bill of particulars requested by defendant, May Department Stores Company, the following particulars will be granted: A; B(1), (2), (3), (5), (6), (7), (8); C(1), (2), (3), (4), (5), (6), (7), (8), (9); D(1), (2), (3), (4), (5), (6), (7), (8); E(1), (2), (3), (4); F(1); G(1); H(1), (2), (4); I(3).

Although the other defendants have requested a bill of particulars only in the alternative, the answers to be given by plaintiffs to the bill requested by the defendant, The May Department Stores Company, as above ordered, shall be so phrased so as to be applicable to all the defendants. As it now stands, the complaint needs to be supplemented and the bill of particulars will accomplish this.

Motion granted as indicated. Otherwise denied. Submit order on notice.