**MACHTENBERG v. STERNER et al.**

District Court, S. D. New York.

April 6, 1948.

Benjamin Isaacs, of New York City, for plaintiff.

A. Walter Socolow, of New York City, for defendants.

KNOX, District Judge.

■ This action is for copyright infringement of a musical composition. Defendant has moved for a bill of particulars upon service made after the effective date of the amendment to Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which abolishes such bills. However, the service was only three days after the amendment's effective date. Plaintiff has not objected to the motion on this ground, and the Rules provide for a motion for a more definite statement. Those factors suggest that the merits be examined.

■ By a request for particulars directed to paragraph eight of the complaint defendant has asked for a copy of the copyright. Rule 2 following 17 U.S.C.A. § 25, reads as follows:

"A copy of the alleged infringement of copyright, if actually made, and a copy of the work alleged to be infringed, should accompany the petition, or its absence be explained; except in cases of alleged infringement by the public performance of dramatic and dramatico-musical compositions, the delivery of lectures, sermons, addresses, and so forth * * * and in any case where it is not feasible."

Plaintiff's composition consists of having set a Hebrew prayer to music. Although the language of the Rule is ambiguous, as to whether the exception applies only to infringing matter or also to the copyright, it is clear there is no exception in the present case. Amdur, Copyright Law and Practice, p. 127 (1936); Buck v. Liederkranz, D.C.Pa.1937, 34 F.Supp. 1006. Technically, the motion should be to compel plaintiff to file a copy, Lesser v. George Borgfeldt & Co., C.C. 188 F.864. But under the circumstances here present, it appears proper to require plaintiff to annex a copy of the composition to his complaint.

While it was the rule in this district that bills of particular would be granted more liberally in patent and copyright cases than in others, Ingenuities Corporation of America v. Metcalf Neckwear Co., D.C. S.D.N.Y.1940, 35 F.Supp. 575; Cole v. Allen, D.C.S.D.N.Y.1942, 3 F.R.D. 236, this motion, even under the old Rule, would not be granted as to the other particulars demanded.