**COLE v. ALLEN et al.**

District Court, S. D. New York.

Aug. 29, 1942.

Samuel Spring, of New York City, for plaintiff.

Martin J. Desmoni, of New York City, for defendants.

HULBERT, District Judge.

Defendants Fred Allen and Batchelor Enterprises, Inc., move under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order directing the plaintiff to serve a bill of particulars.

The complaint alleges 17 causes of action against various defendants all of whom are alleged to have infringed upon certain copyrights owned by the plaintiff. The complaint charges a copyright piracy and acts of unfair competition by the defendants growing out of a radio broadcast held on April 2, 1941, in which it is claimed the alleged copyright material was used by the defendants without license from the plaintiff.

In paragraph 16 of the complaint it is alleged that certain of the defendants did jointly arrange and broadcast over radio station WABC, a radio performance, extensively and freely using a character called "Charlie Chan" and "other literary material, incidents, episodes, similarities and publicity values involved in, incidental to, and included within and protected by plaintiff's copyrights." Annexed to the complaint is a list of six books with a statement of the dates on which such books were copyrighted. The matter allegedly infringed upon is contained in these books and in certain motion pictures produced by others under license from the plaintiff.

The moving parties seek particulars as to the specific literary material, incidents, episodes, dialogue, similarities and publicity values used in the broadcast of April 2, 1941, which the plaintiff claims were taken from the books and motion pictures.

Defendants are entitled to these particulars to enable them properly to prepare their answers. An action under the copyright laws is similar in many respects to an action under the patent laws and like rules of practice are applicable in both classes of actions. Scribner v. Straus, C.C., 130 F. 389. Therefore particulars should be allowed in copyright actions with the same liberality with which they are allowed in patent cases. See Ingenuities Corp. v. Metcalf Neckwear Co., D.C., 35 F.Supp. 575; Selrite, Inc., v. Tropical Chair Co., Inc., D.C., 1 F.R.D. 438.

As stated above, there is annexed to the complaint titles of six books which plaintiff's counsel stated, on the argument, were to be found in the New York Public Library. As I read the complaint, it is not plaintiff's intention to charge that each and every episode, character and dialogue in such books was used by the defendants in the broadcast of April 2, 1941, but the defendants are entitled to know what particular portions of the copyrighted work they are charged with having infringed. So far as the motion pictures are concerned, it was also stated upon argument by counsel for the plaintiff that the allegations with respect thereto would be withdrawn.

Under Rule 2 of the Rules of the Supreme Court for Practice and Procedure under section 25 of the copyright laws, 17 U.S.C.A. following section 25, the complaint in a copyright case should be accompanied by a copy of the infringing work and a copy of the work alleged to have been infringed upon, with certain enumerated exceptions. Failure to comply with these requirements must be satisfactorily explained in the complaint or the pleading is defective.

Buck v. Liederkranz, D.C., 34 F.Supp. 1006; American Broadcasting Co. v. Wahl Co., D.C., 36 F.Supp. 167.

 The particulars requested with reference to the allegation in paragraph 17 are not necessary to enable the defendants to plead. Likewise the particulars requested with reference to paragraphs 22 and 23 of the complaint are not necessary to enable defendants to answer. The information sought, if relevant and not privileged, may be obtained under Rule 26 of 33 Federal Rules of Civil Procedure, after issue is joined.

Motion granted as indicated, and in all other respects denied. Settle order on notice unless agreed upon as to form.