SCARVES BY VERA, INC., Plaintiff,

v.

AMERICAN HANDBAGS, INC., Defendant.

United States District Court
S. D. New York.

Sept. 14, 1960.

Samuel J. Stoll, Jamaica, N. Y., for plaintiff.

Alan Latman, New York City, for defendant.

CASHIN, District Judge.

This is a motion pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a preliminary injunction restraining defendant from removing plaintiff's copyright notice from towels or linens embodying plaintiff's copyright marks, Nos. Gp. 23,792, Gp. 24,216 and Gp. 24,221, and using such towels or linens in the manufacture and sale of ladies' handbags; and restraining defendant from using plaintiff's name and plaintiff's Vera and Scarab or Ladybug trademarks in the sale of such handbags.

Plaintiff, a New York corporation, is engaged, either directly or through its affiliates, in the manufacture and sale of ladies' scarves, head coverings, blouses, beachwear, towels and linens, placemats and various wearing apparel accessories such as belts, ties and handbags. Defendant, also a New York corporation, is a manufacturer of ladies' handbags. The facts are essentially as follows:

Defendant desired to make ladies' handbags, using plaintiff's towels which embodied copyrighted marks. Negotiations for a license were carried on but ended unsuccessfully. Defendant then purchased plaintiff's towels retail and utilized them in the manufacture of ladies' handbags. On some of these handbags made with plaintiff's towels there can be seen, at the bottom, the name Vera coupled with the figure of a Scarab or Ladybug and the copyright symbol of an encircled letter C. The Scarab or Ladybug and the name Vera are trademarks of plaintiff which are registered in the State of New York, and the trademark Vera is also registered at the United States Patent Office. Plaintiff claims that defendant is engaged in the business of selling handbags which are not of plaintiff's manufacture but which bear plaintiff's trademarks and is thus infringing on plaintiff's trademarks. Defendant contends that it has not infringed on plaintiff's trademark since it has attached to its handbags, by means of a string, a tag which reads:

"The design on the cover of this handbag is the copyrighted design of Scarves by Vera, Inc. This handbag was manufactured by American Handbags, Inc., of the finest materials and workmanship.
"American Handbags, Inc.
"New York, N. Y."

Defendant claims that the purpose of this tag is to identify defendant as the

manufacturer of the handbags and to give credit to the plaintiff for creation of the designs.

Some of the handbags, however, did not contain plaintiff's copyright notice because defendant had removed it. Plaintiff, claiming that defendant's action violates Section 105, Title 17 of the U. S. C., is moving to restrain defendant from removing the copyright notice. Title 17 U.S.C. § 105 states:

"Any person who, with fraudulent intent, shall insert or impress any notice of copyright required by this title, or words of the same purport, in or upon any uncopyrighted article, or with fraudulent intent shall remove or alter the copyright notice upon any article duly copyrighted shall be guilty of a misdemeanor, punishable by a fine of not less than $100 and not more than $1,000. Any person who shall knowingly issue or sell any article bearing a notice of United States copyright which has not been copyrighted in this country, or who shall knowingly import any article bearing such notice or words of the same purport, which has not been copyrighted in this country, shall be liable to a fine of $100."

Defendant states that the copyright notice was only removed where "the exigencies of the manufacture and sale of summer handbags required" it and that it was done without any fraudulent intent. As evidence of its lack of fraudulent intent the defendant points to the fact that the above tag was attached to all handbags sold by defendant which used plaintiff's towels.

The present Title 17 U.S.C. § 105 (1947) was first enacted in 1909 when inclusion of a penalty for fraudulent removal of notice was first inserted into the law. Prior to 1909 the law contained a penalty for impressing a false notice of copyright or for knowingly issuing or selling an article bearing a false copyright notice but nothing was said about the fraudulent removal of notice.

The prior law also authorized federal Circuit courts to enjoin the issuing, publishing or selling of such articles. This latter provision was omitted from the present section. Weil, in his book *The American Copyright Law* (1917), at page 500, summarized the changes introduced by the present section—

"It should be noted that the present Act strikes out much of the remedial portion of the latter amendment [29 Stat. 694 (1897)] and changes the prior law radically in other respects. It provides that a fraudulent intent on the defendant's part must be shown. It changes the liability it imposes from a civil, to a criminal responsibility. It strikes out the provision empowering the granting of injunctive relief."

Thus, the injunctive relief expressly provided for in the case of false use of copyright notice was deleted in 1909 when criminal sanctions were written into the law for the false removal of a copyright notice. Moreover, 17 U.S.C. § 105, which plaintiff relies on, has apparently never been used to support injunctive relief. In view of the above and the general rule that equity will not enjoin the commission of crimes, I do not think this court has the power to issue an injunction restraining defendant from removing plaintiff's copyright notices.

Relying on the fact that injunctive relief can be granted for a violation of a specific property right even though such violation is a crime, plaintiff has tried to show a property interest independent of 17 U.S.C. § 105. Plaintiff's argument is that when defendant purchases towels or linens embodying plaintiff's copyrighted marks and removes the copyright notice and utilizes said towels or linens in the manufacture of ladies' handbags which are sold to the public, the defendant is placing the copyrighted designs in the public domain, exposing them to use by the public and thereby destroying plaintiff's copyright. Plaintiff's argument falls short, however, because defendant by its actions

cannot place plaintiff's copyrighted designs in the public domain. In order for the designs to be placed in the public domain it must be shown that the copyrighted works left the plaintiff's possession without the required notice, and this burden is on the defendant. Gerlach-Barklow Co. v. Morris & Bendien, 2 Cir., 1927, 23 F.2d 159, 162; Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 1960, 274 F.2d 487.

■ However, plaintiff has asked not only that defendant be enjoined from removing plaintiff's copyright notice but also that defendant be restrained from using plaintiff's towels or linens or plaintiff's name or plaintiff's Vera and Scarab or Ladybug trademarks in the sale of its handbags. As has been said above, on some of the handbags plaintiff's name and trademarks can be seen and plaintiff claims that this constitutes trademark infringement under 15 U.S.C.A. §§ 1114 and 1125. As was said in Preston-ettes, Inc. v. Coty, 1924, 264 U.S. 359, 368, 44 S.Ct. 350, 351, 68 L.Ed. 731:

"A trade-mark only gives the right to prohibit the use of it so far as to protect the owner's good will against the sale of another's product as his. * * * When the mark is used in a way that does not deceive the public we see no such sanctity in the word as to prevent its being used to tell the truth. It is not taboo."

The question is thus whether an ordinary, intelligent purchaser, upon seeing the handbag, would be misled into the belief that plaintiff was in some way connected with its manufacture.

■ Defendant claims that the tag, which was attached to all handbags using plaintiff's towels, informed the public that plaintiff was not connected with its manufacture. However, I find the notice printed on the tag misleading. I find that the average purchaser would be misled into believing that plaintiff and defendant were in some manner associated in the joint enterprise of manufacturing the handbags in question. This finding is supported by the fact that plaintiff has received requests from department store buyers to conduct joint promotions on their scarves and defendant's handbags. Moreover, the tag which defendant has used as a substitute for plaintiff's copyright notice does not meet the statutory requirement of 17 U.S.C. § 19. Scarves by Vera, Inc. v. United Merchants & Mfrs., Inc., D.C.S.D.N.Y.1959, 173 F.Supp. 625; Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., D. C.S.D.N.Y.1956, 144 F.Supp. 577.

■ However, the defendant is still entitled to inform consumers by use of plaintiff's name and trademark that the towel of which the handbag is made is the product of Scarves by Vera. The result is, of course, that defendant will get some advantage from the trademark. This, however, is wholly permissible so long as plaintiff is not identified with the manufacture of the handbag. All plaintiff is entitled to is full disclosure. Champion Spark Plug Co. v. Sanders, 1941, 331 U.S. 125, 130, 67 S.Ct. 1136, 91 L.Ed. 1386.

■ Thus, an injunction will issue enjoining defendant from selling handbags made from plaintiff's towel unless there is sewn on the inside of the handbag near the clasp, and plainly visible to anyone opening the handbag, a label which states that

"The design on the cover of this handbag is the copyrighted design of Scarves by Vera, Inc. which is in no way connected with American Handbags, Inc., manufacturer of this handbag."

Moreover, the letters are all to be of the same size and legibly readable except that defendant's name can be in slightly larger type than the rest of the body of the legend.

Settle order and submit therewith an undertaking in the amount of $5,000.