Carol Crosswell SMITH, Plaintiff-Appellant,

v.

**LITTLE, BROWN & COMPANY,** Defendant-Appellee.

No. 470, Docket 31880.

United States Court of Appeals Second Circuit.

Argued May 13, 1968.
Decided June 6, 1968.

---

Carol Crosswell Smith, pro se (Elias, Schewel & Schwartz, New York City, on the brief).

Edward C. Wallace, New York City (Horace S. Manges, Marshall C. Berger and Weil, Gotshal & Manges, New York City, on the brief), for appellee.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a judgment determining damages and profits in an action for infringement of a common law copyright.[1] The district court found that plaintiff failed to establish her rights to punitive damages and therefore awarded her only $650.11, the amount it found to be defendant's profit. Plaintiff asserts that the district court erred in (1) refusing to award punitive damages and (2) permitting defendant to deduct as an expense in computing its profits royalty payments to a co-infringer. We find no error and affirm the judgment.

The claim for punitive damages was based upon the actions of two of defendant's employees. Miss Jones, head of

defendant's Juvenile Department, was alleged to have been a party to the infringement, and Mr. Williams, a vice-president, was alleged to have acted with reckless indifference to plaintiff's rights in ordering second and third printings of the infringing book after receiving notice of plaintiff's claim. The district court found that although Mr. Williams was perhaps negligent in ordering the additional printings without thoroughly investigating plaintiff's claim, his conduct was not sufficiently reckless to warrant an award of punitive damages. The court also found that Miss Jones either had shown or had given a detailed account of plaintiff's work to the author of the infringing book. After expressing doubts as to whether Miss Jones was acting within the scope of her employment and noting the reluctance of courts to grant punitive damages in copyright actions, the court concluded that plaintiff had not made a strong enough showing to justify an award.

The trier of facts has considerable discretion in deciding whether to award punitive damages in copyright actions. See Szekely v. Eagle Lion Films, Inc., 140 F.Supp. 843, 850–851 (S.D.N.Y. 1956), aff'd on other grounds, 242 F.2d 266 (2d Cir.), cert. denied, 354 U.S. 922, 77 S.Ct. 1382, 1 L.Ed.2d 1437 (1957). See also Reynolds v. Pegler, 123 F.Supp. 36, 38–39 (S.D.N.Y.1954), aff'd, 223 F.2d 429 (2d Cir.), cert. denied, 350 U.S. 846, 76 S.Ct. 80, 100 L.Ed. 754 (1955). We cannot say that the district court's determination that defendant's conduct was not so egregious as to justify punitive damages was "clearly erroneous." Fed.R.Civ.P. 52(a).

The district court was plainly correct in permitting defendant to treat the royalties paid to the author of the infringing book as an element of its cost in computing the profits which plaintiff was entitled to recover. See Sheldon v.

[1]. The facts are fully set forth in the opinions dealing with the question of infringement, 360 F.2d 928 (2d Cir. 1966), affirming 245 F.Supp. 451 (S.D.N.Y.1965), and in the district court's opinion on damages and profits, 273 F.Supp. 870 (S.D. N.Y.1967).

Metro-Goldwyn Pictures Corp., 106 F.2d 45, 51 (2d Cir. 1939), aff'd, 309 U.S. 390, 60 S.Ct. 261, 84 L.Ed. 459 (1940); Sammons v. Colonial Press, Inc., 126 F.2d 341, 346 (1st Cir. 1942). Of course it is open to plaintiff to bring suit against the author for such royalties, and we understand that she has done so.

Affirmed.