■ EDWARD GERSH, Respondent-Appellant, v RONALD K. JOHANSEN et al., Appellants-Respondents.—In an action, inter alia, to rescind an agreement, defendants appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County, dated October 25, 1979, which, inter alia, granted plaintiff judgment on his second cause of action, rescinding said agreement. Plaintiff cross-appeals, as limited by his brief, from so much of the judgment as failed to order the return to him of $50,000. Judgment modified, on the law, by deleting therefrom the second decretal paragraph thereof and substituting therefor a provision dismissing plaintiff's second cause of action. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. On August 21, 1977, after plaintiff Edward Gersh had purchased an apartment complex known as University Gardens with the advice of defendants Ronald and Tork Johansen, he contracted to pay the defendants $20,000 on August 22, 1977, $30,000 by a note payable in 30 days, and that "Gersh shall form a limited partnership for the ownership of the University Gardens in Port Jefferson Station, New York and Ronald K. and Tork Johansen shall own a 7% (seven percent) interest in such partnership." This agreement replaced an earlier one which had been the subject of a dispute between the parties. Although Gersh made the $20,000 payment required by the contract and delivered the $30,000 note, he subsequently accused the Johansens of misrepresentations which induced his purchase of University Gardens and refused to carry out his further obligations under the agreement. After a heated argument with the Johansens, he agreed to give them the $30,000 due on the note, but nothing more. Gersh then wrote out a check to the Johansens in the amount of $30,000 and placed the following indorsement on the back: "In full and final payment of all claims of any nature against Edward Gersh and University Gardens." The check was accepted and deposited. Gersh subsequently brought this action in which, inter alia, he sought rescission of the August 21, 1977 agreement and a refund of his money. The Johansens counterclaimed for specific performance of the agreement. We conclude that none of these litigants is entitled to relief because the acceptance of the $30,000 check containing the quoted indorsement constituted an accord and satisfaction which disposed of the contract dispute. We cannot agree with the defendants that Gersh's obligations to pay under the August 21 agreement were of a liquidated nature so that an accord and satisfaction was precluded (see e.g., Matter of King Metal Prods. v Workmen's Compensation Bd., 20 AD2d 565). Unlike the King case, the instant matter involves a real controversy and the amount due certainly was not a liquidated one. As this court said 80 years ago, " 'the commonest example of a liquidated demand is an action of debt, where there is an express contract to pay a sum certain at a fixed time' " (Kennedy v County of Queens, 47 App Div 250, 261). A 7% interest in an undefined limited real estate partnership to be formed some time in the future is not representative of a liquidated claim. Therefore, Gersh's payment after he became aware of the alleged fraud waived his claim against the Johansens and their acceptance of the $30,000 amounted

to an accord and satisfaction of their claim. We see no merit in the parties' other contentions. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.