Herman KELLY, Plaintiff,

v.

L.L. COOL J., Def Jam Music Records, Publishing, Inc., Marley Marl, Music, Inc., Defendants.

No. 92 Civ. 2032 (WCC).

United States District Court, S.D. New York.

Nov. 16, 1992.

Herman Kelly, pro se.

Reid & Priest, New York City, for defendant Def Jam Music, Inc.; Monica Petraglia McCabe, Peter C. Williams, Jeffrey E. Dupler, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiff Herman Kelly (Kelly) filed this pro se action against L.L. Cool J., Def Jam Music Records Publishing, Inc. (Def Jam), and Marley Marl Music, Inc. for copyright infringement and other assorted claims.[1] This action is presently before the Court on Def Jam's motion for a more definite statement of the copyright claim pursuant to Rule 12(e), Fed.R.Civ.P., and Def Jam's motion to dismiss, or strike, the remainder of the complaint pursuant to Rules 8, 9(b), 12(b)(6) and 12(f), Fed.R.Civ.P.[2] The motion for a more definite statement is granted, and the motions to dismiss and strike are granted in part.

## DISCUSSION

■ The general purpose of modern pleadings is to give the parties notice of the claims against them. *See Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). Rule 8, Fed.R.Civ.P., requires only "a short and plain statement of the claim showing that the pleader is entitled to relief". Pro se pleadings are held to even "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92

S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). "Nevertheless, a complaint must give the defendant 'fair notice of what the plaintiff's claim is and the grounds on which it rests.'" *Studifin v. New York City Police Dep't—License Div.—Firearms Control Section,* 1988 WL 126888, *3 (S.D.N.Y. 1988) (J. Conner) (citing *Conley,* 355 U.S. at 47–48, 78 S.Ct. at 102–03). Even after taking into account plaintiff's status as a pro se litigant, we find that the complaint and plaintiff's opposition papers do not provide defendant with fair notice of most of the claims against it. Thus, defendant's motion for a more definite statement of the copyright claim under Rule 12(e) is granted, and all but one of the other claims in the complaint are dismissed pursuant to Rules 8, 9(b), and 12(b)(6). In addition, defendant's motion to strike under Rule 12(f) is granted in part.

### I. The Rule 12(e) Motion for a More Definite Statement of the Copyright Claim

■ A more definite statement is appropriate where the complaint is so vague or ambiguous that the defendant cannot reasonably be required to frame a responsive pleading. Fed.R.Civ.P. 12(e). Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail. *FRA S.p.A. v. Surg–O–Flex of Am., Inc.,* 415 F.Supp. 421, 427 (S.D.N.Y. 1976). A motion for a more definite statement should not be granted if the complaint complies with the requirements of Rule 8. *In re O.P.M. Leasing Services, Inc.,* 21 B.R. 986, 992 (Bankr.S.D.N.Y. 1982); *see Fairmont Food Co. v. Manganello,* 301 F.Supp. 832, 839 (S.D.N.Y.1969). Plaintiff's complaint fails to comply with Rule 8 in several ways which, taken together, render the complaint too ambiguous to reasonably enable defendant to answer. Thus, defendant's motion for a more definite statement under Rule 12(e) is granted.

---

1. In addition to copyright infringement the complaint includes claims for fraud, debt, discrimination, harassment, intimidation, and conspiracy. Compl. at 1.

2. Defendants L.L. Cool J. and Marley Marl, Music, Inc. do not join this motion at this time.

■■ A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright. *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F.Supp. 1, 4 (S.D.N.Y.1991); *Calloway v. The Marvel Entertainment Group*, 1983 WL 1141, *3 (S.D.N.Y.1983); *Gee v. CBS, Inc.*, 471 F.Supp. 600, 643 (E.D.Pa.), *aff'd*, 612 F.2d 572 (3d Cir.1979). The complaint states that in 1977 plaintiff composed and copyrighted the song "Dance to the Drummer's Beat", and between 1983 and 1990 he composed and copyrighted the song "What You're Going To Do, Tell You What". Compl. ¶ 1. Plaintiff alleges that parts of his songs were reproduced in "Mama Said Knock You Out" and "Jingling Baby" recorded by L.L. Cool J. in 1991. Compl. ¶ 3. These allegations fail to plead with sufficient clarity the second and third requirements of a copyright infringement claim.[3]

Plaintiff fails to allege his present ownership of the copyrights at issue. The complaint states that plaintiff composed and copyrighted "Dance to the Drummers Beat" and "What You're Going To Do, Tell You What", but it does not assert plaintiff's present ownership of those copyrights. Compl. ¶ 1. This is a formal defect in the complaint that might be corrected with a more definite statement. *See McDevitt v. Dorsey*, 67 F.Supp. 818, 818 (N.D.Oh.1946) (defective complaint which failed to allege plaintiff's present ownership of the copyright could be cured by an amended complaint).

The complaint is more seriously defective in its failure to allege whether and when the copyright on one of the works was registered pursuant to statutory requirements. Attached to the complaint is a copy of the copyright certificate for one of plaintiff's songs, "Dance to the Drummer's Beat" registration number Eu 780711 filed May 2, 1977. Compl. Ex. A. Thus, the complaint adequately alleges that "Dance to the Drummer's Beat" has been properly registered but contains no allegation of statutory registration of "What You're Going To Do, Tell You What."

■■ Even considering submissions other than the complaint, the facts surrounding the registry of "What You're Going To Do, Tell You What" are still ambiguous. Attached to plaintiff's opposition memorandum are two registration certificates. The first is a certificate for "Herman Kelly Songbook Anthology Hits, (124 songs) collection" registration number PAu 1 462 479 effective November 29, 1990. Pl's 1st Opp'n Mem. Ex. D. Plaintiff claims that

---

**3.** Defendant incorrectly contends that the complaint fails to allege the first and fourth elements of a copyright infringement claim. Defendant relies on *Cole v. Allen*, 3 F.R.D. 236 (S.D.N.Y.1942), to support the argument that the complaint fails to state with sufficient specificity which of plaintiff's works were infringed. This complaint, however, differs markedly from the complaint in *Cole*. In *Cole*, the plaintiff alleged that the defendant copied episodes and incidents from any of six books. *Id.* at 237. In contrast Kelly specifically alleges the two original songs which are the subjects of the claim. Thus, the complaint makes a proper short, plain statement of the works infringed as required by Rule 8.

Similarly, the allegations of infringing acts are adequately, albeit unartfully, plead in the complaint. Rule 8 requires that the particular infringing acts be set out with some specificity. *Franklin*, 763 F.Supp. at 4. Broad, sweeping allegations of infringement do not comply with Rule 8. *Hartman v. Hallmark Cards, Inc.* 639 F.Supp. 816, 820 (W.D.Mo.1986), *aff'd*, 833 F.2d 117 (8th Cir.1987) (plaintiff's allegation that "*all* other animated productions, paper products, dolls, toys, and any other merchandising and licensing products" of defendant were infringing was too broad under Rule 8). Plaintiff's complaint however, narrows the infringing act to the publishing and distribution of two songs, "Mama Said Knock You Out" and "Jingling Baby" in 1991, which is sufficiently specific for the purposes of Rule 8. Defendant argues that it is not possible to determine from the complaint the nature of the claimed infringement. Def's Supp.Mem. at 9–10. However, such a level of specificity is not required in a complaint. *See Franklin*, 763 F.Supp. at 4 (complaint complied with Rule 8 in spite of the fact that defendants could not determine whether software elements or visual elements of the computer were claimed to be infringed). Therefore, the complaint sufficiently alleges the infringing acts pursuant to Rule 8.

"What You're Going To Do, Tell You What" is part of this registered collection. Pl's 1st Opp'n Mem. at 6. However, a second copyright certificate is attached to plaintiff's memorandum, registration number PA 566 959 effective date April 20, 1992. Pl's 1st Opp'n Mem. Ex. A. In this certificate plaintiff re-registered his songs, "Dance to the Drummer's Beat" and "What You're Going To Do, Tell You What", under defendant's titles, "Jingling Baby" and "Mama Said Knock You Out" respectively.[4] In this second certificate plaintiff includes the previous copyright numbers of his works. Consistent with the certificate in the complaint, "Dance to the Drummer's Beat" is followed by the registration number Eu 780711. However "What You're Going To Do, Tell You What" is accompanied by the number 80–108–8945–K which differs from the registration number of the "Herman Kelly Songbook Anthology Hits, (124 songs) collection" in which plaintiff's memorandum claims that "What You're Going To Do, Tell You What" is registered.

A complaint similar to Kelly's was rejected in *Calloway v. The Marvel Entertainment Group*, 1983 WL 1141 (S.D.N.Y. 1983). In *Calloway*, the complaint failed to specify the registration numbers of the alleged infringed material, and plaintiff's papers contained two conflicting certificates of registration;[5] consequently the Court dismissed the complaint for its failure to comply with the requirements of Rule 8. Similarly, Kelly's complaint has failed to meet the requirements of Rule 8 by failing to allege that the copyright on one of his

songs has been registered pursuant to the statute.

▮▮▮ These defects in the complaint are such that it would be unreasonable to require defendant to respond to the complaint as it now stands. Therefore, defendant's motion for a more definite statement pursuant to Rule 12(e) is granted.[6]

## II. The Motion to Dismiss All Other Claims Under Rules 8, 9(b), and 12(b)(6), Fed.R.Civ.P.

In addition to the copyright infringement claim, plaintiff asserts claims for harassment, intimidation, fraud, debts, discrimination, conspiracy, and punitive damages. Compl. at 1. The facts alleged pursuant to plaintiff's claims for harassment and intimidation support claims for two intentional torts. Thus, defendant's motion to dismiss this portion of the complaint is denied. To the extent that plaintiff's prayer for punitive damages applies to these two tort claims, it too is valid. The remainder of the claims, however, are supported by little or no factual allegations and accordingly are dismissed pursuant to Rules 8, 9(b), and 12(b)(6).

### A. The Claims for Harassment and Intimidation

▮▮▮ The facts alleged pursuant to plaintiff's claims for harassment and intimidation support claims for slander, and for tortious interference with precontractual relations, and therefore are not dismissed. The complaint states "[d]efendants have had people coming around plaintiff's job,

---

**4.** Plaintiff seems to be operating under the misconception that by registering his works under defendant's titles he has acquired an ownership interest in defendant's songs and therefore is due compulsory license payments under 17 U.S.C. § 115. Pl's 1st Opp'n Mem. ¶ 1. This contention is without merit. *Infra* note 9.

**5.** In *Calloway*, however, the Court based its decision on the pleadings alone. *Id.*

**6.** There is an additional question as to the Court's jurisdiction. Copyright registration is a jurisdictional prerequisite to an infringement suit. *Conan Properties, Inc. v. Mattel, Inc.*, 601 F.Supp. 1179, 1182 (S.D.N.Y.1984); *Frankel v. Stein and Day, Inc.*, 470 F.Supp. 209, 212 n. 2 (S.D.N.Y.1979), *aff'd*, 646 F.2d 560 (2d Cir.1980);

*Techniques, Inc. v. Rohn*, 592 F.Supp. 1195, 1197 (S.D.N.Y.1984). Therefore, to the extent that the complaint fails to allege proper statutory registration of the copyrights in question, this Court lacks jurisdiction over the infringement action. However, other courts have held that such jurisdictional defects may be cured by an amended complaint. *Conan*, 601 F.Supp. at 1182; *Frankel*, 470 F.Supp. at 212 n. 2; *Charron v. Meaux*, 60 F.R.D. 619, 624 (S.D.N.Y.1973). Similarly, we find that the jurisdictional defect created by plaintiff's failure to allege the proper registration of one of the songs may be cured by the more definite statement requested by defendant pursuant to Rule 12(e).

home intimidating him and harassing him, by telling people not to work with plaintiff, degrading plaintiff." Compl. ¶ 6. Plaintiff also asserts that he is engaged in the music business. Compl. ¶¶ 2, 9. These facts, if proven, would support a claim for slander. Any communication concerning an individual which tends to disgrace or injure him in his profession is defamatory per se, and does not require a showing of special damages. *Brooklyn Law School v. Aetna Casualty & Surety Co.*, 661 F.Supp. 445, 452 (E.D.N.Y.1987), *aff'd*, 849 F.2d 788 (2d Cir. 1988). *See Privitera v. Town of Phelps*, 79 A.D.2d 1, 3, 435 N.Y.S.2d 402, 404 (4th Dep't 1981); *Stay v. Horvath*, 177 A.D.2d 897, 576 N.Y.S.2d 908, 911 (3d Dep't 1991). Allegations similar to those in this complaint have been found to state a proper claim for slander. *Hannes v. Bender*, 115 N.Y.S.2d 537 (Sup.Ct.1952) (complaint stated a claim of slander when it alleged that defendant had said plaintiff was dishonest, irresponsible, and that people should not do business with him). Furthermore these facts support a claim for tortious interference with precontractual relations which occurs when the defendant intentionally interferes with the plaintiff's economic opportunities through illegal means. *Mandelblatt v. Devon Stores, Inc.*, 132 A.D.2d 162, 168–170, 521 N.Y.S.2d 672, 676–77 (1st Dep't 1987); *Sommer v. Kaufman*, 59 A.D.2d 843, 843–44, 399 N.Y.S.2d 7, 8 (1st Dep't 1977). Because the facts allege tortious conduct by defendant, and considering the deference given to pro se pleadings, we do not dismiss this portion of the complaint.

### B. The Claim for Punitive Damages

■■■■■ Punitive damages are available for slander and tortious interference with

precontractual relations. *Buckley v. Littell*, 539 F.2d 882, 897 (2d Cir.1976), *cert. denied*, 429 U.S. 1062, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977); *See Mandelblatt*, 132 A.D.2d at 170, 521 N.Y.S.2d at 66. Therefore plaintiff's prayer for punitive damages is proper insofar as it relates to these tort claims. Punitive damages, however, are not available in a statutory copyright infringement action.[7] *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir.1983). Plaintiff's prayer, therefore, is dismissed to the extent it is grounded in the copyright claim.

### C. The Fraud Claim

■■■■■ When read together the complaint and plaintiff's opposition papers fail to state a proper claim for fraud. Fed. R.Civ.P. Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." To be sufficient under Rule 9(b), "a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989); *see Goldman v. Belden*, 754 F.2d 1059, 1069–70 (2d Cir. 1985). Plaintiff's complaint states that Def Jam defrauded him, but it offers no facts that might support a claim of fraud. Compl. at 1. Similarly, those few facts outlined in plaintiff's opposition papers do not set forth an allegation of fraud with any degree of particularity.[8] Therefore, the fraud claim is dismissed under Rule 9(b).

---

**7.** Punitive damages were formerly available for common law copyright infringement. *Smith v. Little, Brown & Co.*, 396 F.2d 150, 151 (2d Cir. 1968). Federal statutory copyright law, however, has preempted state law causes of action for copyright infringement. 17 U.S.C. § 301. Punitive damages, therefore, are unavailable on this copyright claim.

Some New York business torts have escaped preemption by federal copyright law. *Warner Bros. v. ABC, Inc.*, 720 F.2d 231, 247 (2d Cir. 1983) (although the misappropriation branch of unfair competition is preempted, the tort of

"passing off" is not). Punitive damages are available in some instances under these torts. *See Murphy Door Bed Co. v. Interior Sleep Sys.*, 874 F.2d 95, 103–04 (2d Cir.1989). The complaint, however, does not allege facts sufficient to support such a state law claim.

**8.** Kelly's papers make the sketchy assertion that since Def Jam registered and released the two songs by L.L. Cool J without including Kelly's name on the copyright registration or the record label, the defendant has perpetrated a fraud on the copyright office or on the public. Pl's 2d Opp'n Mem. ¶¶ 7, 12. Even if such a claim were

## D. The Debt Claim

■■■■ The complaint fails to state a claim for debt. A debt is an action for a sum certain. *See Gersh v. Johansen*, 76 A.D.2d 916, 916, 429 N.Y.S.2d 256, 258 (2d Dep't), *appeal denied*, 51 N.Y.2d 709, 435 N.Y.S.2d 1025, 416 N.E.2d 1058 (1980). Assuming plaintiff's copyrights have been infringed, the damages caused by the infringement are uncertain and thus cannot support an action for a debt.[9] Consequently the action for debt is dismissed pursuant to Rule 12(b)(6).

## E. The Discrimination Claim

■■■■ Plaintiff also fails to articulate a claim for "discrimination". The complaint states that "[d]efendants has (sic) recorded songs by other composer (sic) and have paid them and gave them full name credit, compulsory license contract and by plaintiff being black defendant refused to treat him fair and equal (sic)." Compl. ¶ 6. The claim fails to allege which if any of Kelly's rights were violated because of his race, and thus, the complaint does not put defendant on notice as to the nature of the claim. The discrimination claim is therefore dismissed without prejudice pursuant to Rule 8.

## F. The Conspiracy and Other Criminal Allegations

■■■■ The plaintiff states a claim for conspiracy, but fails to support it with any facts. Therefore, the claim for conspiracy is dismissed pursuant to Rule 8.[10] The plaintiff's opposition memorandum supports the conspiracy claim with allegations of criminal copyright violation under 17 U.S.C. § 506. Compl. at 1; Pl's 1st Opp'n Mem. ¶¶ 1, 2. However, there is no private cause of action under the criminal provisions of the copyright law. *Cf. Scarves by Vera, Inc. v. American Handbags, Inc.*, 188 F.Supp. 255, 257 (S.D.N.Y.1960) (court refused to give a civil injunction for a criminal violation of the copyright laws). In addition, the criminal claims add nothing to the plaintiff's case because conduct that does not support a civil action for infringement cannot constitute criminal conduct under 17 U.S.C. § 506(a). Nimmer on Copyright, § 15.01. Therefore these criminal allegations are also dismissed under Rule 12(b)(6).

## III. The Motion to Strike Portions of the Complaint Under Rule 12(f), Fed. R. Civ. P.

■■■■ Defendant moves under Rule 12(f), Fed.R.Civ.P., to strike those portions of the

stated with sufficient particularity, as required by Rule 9(b), it would be dismissed for failure to state a claim under Rule 12(b)(6). To state a claim for fraud the plaintiff must allege the traditional five elements of fraud 1) a material misrepresentation of fact, 2) falsity of that representation, 3) scienter, 4) reliance, and 5) damages. *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80 (2d Cir.1980), *cert. denied*, 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981); *Shaw v. Rolex Watch, U.S.A., Inc.*, 673 F.Supp. 674, 682 (S.D.N.Y.1987) (J. Conner). A plaintiff has failed to state a claim for fraud when he alleges merely that the misrepresentation in question was made to or relied on by a third party. *Escoett & Co. v. Alexander & Alexander, Inc.*, 31 A.D.2d 791, 791, 296 N.Y.S.2d 929, 929 (1st Dep't 1969); *Garelick v. Carmel*, 141 A.D.2d 501, 502, 529 N.Y.S.2d 126, 128 (2d Dep't 1988) (a material misrepresentation must be made by the defendant to the plaintiff to constitute fraud); *Shaw*, 673 F.Supp. at 682 (reliance by a third party does not support a claim for fraud). Plaintiff's claim that the alleged infringement perpetrated a fraud on the copyright office or on the general public is a claim based on misrepresentations to and reliance by third parties and thus, does not constitute a claim for fraud. Therefore, even if the fraud claim was stated with the particularity required by Rule 9(b), it would still be dismissed for failure to state a claim under Rule 12(b)(6).

**9.** Plaintiff's debt claim may be based on his misperception that he is due payments for a "compulsory license" under 17 U.S.C. 115. Pl's 1st Opp'n Mem. ¶ 2. The complaint, however, states that defendant never obtained such a license. Compl. ¶ 4. Therefore, plaintiff's only means of recovery is through an action for copyright infringement. 17 U.S.C. § 115(b)(2). Kelly's claim for payments due under a compulsory license are without merit and dismissed along with his debt claims pursuant to Rule 12(b)(6).

**10.** In addition New York law, if it applies, does not recognize a tort of conspiracy. *Durante Bros. and Sons, Inc. v. Flushing Nat'l Bank*, 755 F.2d 239, 251 (2d Cir.), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). However the conspiracy claim is so lacking in factual support that the Court cannot determine which state's law applies.

complaint that refer to settlement discussions. Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Settlement discussions are inadmissible to show fault under Fed.R.Evid. 408, and accordingly may be stricken from a complaint as immaterial and potentially prejudicial. *See Foster v. WNYC–TV*, 1989 WL 146277, *6 (S.D.N.Y.1989). The settlement discussions alleged by plaintiff violate Rule 408 and thus are stricken from the complaint pursuant to Rule 12(f). The remainder of defendant's motion to strike is rendered moot by the aforementioned dismissals.

### CONCLUSION

Defendant's motion for a more definite statement under Rule 12(e) is granted because of plaintiff's failure to allege present ownership and proper statutory registration of one of the copyrights at issue. The facts stated in the complaint support an intentional tort claim on which plaintiff may present evidence. The additional claims set out in the complaint, however, are dismissed for various factual and legal inadequacies under Rules 8, 9(b), and 12(b)(6). In addition, defendant's motion to strike references to settlement discussions from the complaint is granted.

SO ORDERED.