**Khalid SHAHZAD, Plaintiff,**

v.

**H.J. MEYERS & CO., INC., and Christopher Jansen, Defendants.**

**No. 95 Civ. 6196 (DAB).**

United States District Court, S.D. New York.

April 29, 1996.

Law Office of Krishnan Chittur, New York City, for Plaintiff (Krishnan S. Chittur, of counsel).

Lane & Mittendorf L.L.P., New York City, for Defendants (Michael J. McAllister, of counsel).

## MEMORANDUM & ORDER

BATTS, District Judge.

Khalid Shahzad, Plaintiff, is an investor, who purchased securities through the Defendant, H.J. Meyers & Co., Inc. Christopher Jansen is an employee of H.J. Meyers & Co., Inc. (collectively the "Defendants.") Plaintiff claims violations of Section 10(b) of the Securities Exchange Act of 1934, Section 349 of New York's General Business Law, and other common law violations. Plaintiff claims

Defendants "fraudulently dumped their high risk securities on him," (Compl. ¶ 1), and by doing so violated their fiduciary duties to him.

## I. BACKGROUND

Plaintiff is a physicist and an investor. (Compl. ¶ 8.) Defendant H.J. Meyers is a New York corporation and a registered broker-dealer in the business of buying and selling securities to retail customers. (Defs.' Mem. Law at 3, ¶ 1; Compl. ¶¶ 4, 4a.) Plaintiff claims that Defendants "ensnared" him by providing only the name of the company and then engaging in high pressure sales tactics indicating to Plaintiff that time was of the essence, if he wanted to make money quickly. (Compl. ¶ 9.) The Plaintiff claims Defendants provided false, or concealed information about the companies in order to encourage the Plaintiff to buy. (*Id.* ¶¶ 9–10) Plaintiff claims Defendants did this thirteen times. (*Id.* ¶ 10.) Defendants deny these allegation and now move to dismiss.

## II. DISCUSSION

"On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of N.Y.,* 53 F.3d 465, 469 (2d Cir.1995) (citations omitted). "The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Walker v. City of N.Y.,* 974 F.2d 293, 298 (2d Cir.1992) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119 (2d Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957))), *cert. denied,* 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993).

Plaintiff alleges six causes of action: Section 10(b) securities fraud and five state law claims.

## A. Section 10(b) Fraud

■ When evaluating a claim of fraud, the Court must first look to whether the claim has been pled sufficiently under Fed. R.Civ.P. 9(b). Rule 9(b) serves several purposes—to put the defendant on notice of the details of the claims against him, to protect a defendant's reputation and goodwill from unfounded allegations and to prevent strike suits. *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987); *Maywalt v. Parker & Parsley Petroleum Co.,* 808 F.Supp. 1037, 1046 (S.D.N.Y.1992). Rule 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity...." Fed.R.Civ.P. 9(b). This applies to claims arising under Section 10(b) of the 1934 Act. *Ross v. A.H. Robins Co.,* 607 F.2d 545, 556 (2d Cir.1979); *Maywalt,* 808 F.Supp. at 1046. Therefore, "a complaint must adequately specify the statements it claims were false and misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 38 (S.D.N.Y.1992) (quoting *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989)), *aff'd,* 23 F.3d 398 (2d Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 365, 130 L.Ed.2d 318 (1994); *see also DiVittorio,* 822 F.2d at 1247; *Keenan,* 838 F.Supp. at 86; *Kubin v. Miller,* 801 F.Supp. 1101, 1117 (S.D.N.Y.1992).

■ Furthermore, scienter must be properly pled in the Plaintiff's Complaint.[1] Although Rule 9(b) reads, "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally," cases have held that if scienter is an element of the action it must be sufficiently pled. It is recognized that alleging "great specificity" is not required, *Connecticut Nat'l Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir.1987) (citing *Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985)), as it cannot be expected that a plaintiff can plead a defendant's state

---

1. This is referred to as what the defendant obtained as a consequence of the fraud. *See, e.g.,* *Maywalt,* 808 F.Supp. at 1046.

of mind. *Id.*[2] However, plaintiff must plead circumstances which "give rise to a strong inference" that the defendants had knowledge of the fraudulent acts. *Id.; Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 52 (2d Cir.1995); *Cosmas v. Hassett,* 886 F.2d 8, 12 (2d Cir.1989) (the complaint must plead facts indicating conscious behavior by the defendant); *Ross,* 607 F.2d at 558; *Keenan,* 838 F.Supp. at 86 (same); *Schick v. Ernst & Young,* 141 F.R.D. 23, 26 (S.D.N.Y.1992) (same).

 A strong inference of fraud is established either "a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Acito,* 47 F.3d at 52. Motive requires a showing of "concrete benefits that could be realized by one or more of the false statements ... alleged" and opportunity is shown by "the means and likely prospect of achieving the concrete benefits by the means alleged." *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1129 (2d Cir.1994); *Pollack v. Laidlaw Holdings, Inc.,* No. 90 Civ. 5788, 1995 WL 261518, 1995 U.S.Dist. LEXIS 5909, *2 (S.D.N.Y. May 2, 1995). To allege conscious misbehavior or recklessness the Complaint must link the misleading statement with facts that give rise to an inference that the speaker had a basis for knowing it was false. *Shields,* 25 F.3d at 1129; *Pollack,* 1995 U.S.Dist. LEXIS 5909, *2.

██ Reading the Complaint in a light most favorable to the Plaintiff, Plaintiff has failed to meet this burden on any of his claims. At best, Plaintiff alleges that Defendant Jansen induced him to buy Arel Communications and Software, Ltd. stock by claiming time was of the essence and that he could "double [Plaintiff's] money in 3 months." (Compl. ¶ 11.) Furthermore, Plaintiff claims that he received warrants of Arel stock not common stock as was promised. Assuming Plaintiff has met his initial burden—showing who made the fraudulent statement, when it was made and why it was fraudulent, (Compl. ¶¶ 11–13), Plaintiff also

must show that there is a strong inference of fraud. Plaintiff claims Defendants' motive was "for profits to themselves." (Compl. ¶ 31.) This allegation is insufficient to show how the Defendants profited. Plaintiff fails to allege any facts that would show a strong inference of fraud either by alleging motive and opportunity or by showing sufficient evidence of reckless behavior on the part of the Defendants.

After Plaintiff alleges the circumstances surrounding the Arel sale of stock, he alleges, "[w]ith substantially similar representations, defendants sold Shahzad stocks of 5 other companies." (Compl. ¶ 14.) This is clearly insufficient in light of the law stated above. There is no time period alleged for the statements, what they were, how they were fraudulent and which Defendant said them. Hence, Plaintiff's claim for a violation of Section 10(b) must be DISMISSED.

**B. State Law Claims**

██ The Court having dismissed all claims over which it had jurisdiction, now dismisses the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

The Court must determine whether it is appropriate to retain the remaining state law claims under supplemental jurisdiction. Section 1367(a) states in pertinent part:

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Section 1367(c) provides, however, four exceptions to the rule. A district court may decline to exercise jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

---

2. In fact, the Court notes that 9(b) must also be read in conformity with Fed.R.Civ.P. 8, requiring a "short and plain" statement of the claims alleged.

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

■ The decision to dismiss state law claims is left to the sound discretion of the district judge. *Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir.1994). Furthermore, when claims are dismissed before trial, the balance of factors will tilt towards declining to exercise jurisdiction. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("If the federal claims are dismissed before trial ... the state claims should be dismissed as well"); *Travelers Ins. Co. v. Keeling,* 996 F.2d 1485, 1490 (2d Cir.1993); *Litwin v. American Express Co.,* 838 F.Supp. 855, 857 (S.D.N.Y.1993). Because all the federal claims have been dismissed at a preliminary stage, no reason remains to exercise supplemental jurisdiction over the alleged state law claims. Hence, they are dismissed.

### III. CONCLUSION

Defendants' Motion to Dismiss is GRANTED. Plaintiff's claims are hereby dismissed in their entirety.

SO ORDERED.