**Ariel FLEURIMOND, Plaintiff,**

v.

**NEW YORK UNIVERSITY, Defendant.**

No. 09–CV–3739 (ADS)(AKT).

United States District Court,
E.D. New York.

July 14, 2010.

Conway Business Law Group, P.C., by Mona R. Conway, Esq., Of Counsel, Huntington Station, NY, for Plaintiff.

Cowan, Liebowitz & Latman, P.C., by Robert W. Clarida, Esq., Of Counsel, New York, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Plaintiff Ariel Fleurimond ("Fleurimond") alleges that she is the sole creator and copyright owner of "Orion", a caricatured drawing of a cougar. In this action, she claims that New York University ("NYU") infringed upon her copyright by using and selling various items that bear the Orion design without her consent. NYU has moved to dismiss the complaint under Fed.R.Civ.P. 12(c), contending that Fleurimond has failed to adequately plead ownership of the copyright at issue. For the reasons discussed below, NYU's motion is denied.

## I. BACKGROUND

The copyright at issue, Orion, is a drawn caricature of a cougar. Fleurimond created Orion at NYU's request in contemplation that the design would be used as the mascot of the NYU athletic department. Fleurimond claims that, prior to filing this action, she registered Orion with the United States Copyright Office. NYU has used Orion, without Fleurimond's knowledge or consent, on flyers, posters, its website and gymnasium fixtures. NYU has also manufactured and distributed clothing and memorabilia bearing the Orion design.

NYU contends that Fleurimond's complaint fails to state a claim for copyright

infringement because she has not offered *factual* allegations that are sufficient to establish her ownership of the Orion copyright. NYU further argues that even if Fleurimond's assertion of ownership is sufficient at the pleading stage, evidence outside the complaint reflects that NYU is the owner of the Orion copyright because Fleurimond developed the design while she was an NYU employee, acting within the scope of her employment.

## II. DISCUSSION

### A. Standard of Review

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir.2006). It is by now well-established that, whatever the substantive legal context, motions under Rule 12(b)(6) are governed by the pleading standard announced in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Contrary to Fleurimond's argument, copyright infringement cases are no exception. *See Kuklachev v. Gelfman*, No. 08–CV–2214, 2009 WL 804095, at *3 (E.D.N.Y. Mar. 25, 2009) (applying the *Twombly* standard on a Rule 12(b)(6) motion to dismiss a copyright infringement claim); *Fischer v. Talco Trucking, Inc.*, No. 07–CV–4564, 2008 WL 4415280, at *2 (E.D.N.Y. Sep. 24, 2008) (same).

Under the *Twombly* standard, a complaint may only be dismissed if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. In deciding whether a complaint meets this threshold, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). However, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' " *Harris v. Mills*, 572 F.3d 66 (2d Cir.2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir.1993) (citation omitted). The Second Circuit has clarified that "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002).

### B. NYU's Motion

At the pleading stage, a plaintiff asserting a copyright infringement claim must allege: (1) the specific work that forms the subject of her claim; (2) the acts and time that the defendant infringed the copyright; (3) that the copyright at issue has been registered pursuant to the Copyright Act; and (4) that she owns the copyright. *Laine v. Pride*, No. 09 CV 3057, 2010 WL 199927, at *6 (S.D.N.Y. Jan. 19, 2010) (citing *Kelly v. L.L. Cool J*, 145 F.R.D. 32, 36 (S.D.N.Y.1992)). Here, NYU challenges only the last element.

In particular, NYU contends that Fleurimond "has alleged *no facts* as to

copyright ownership, but has merely asserted a bare legal conclusion." Def.'s Mot. to Dismiss at 9 (emphasis in original). NYU is correct that a bare assertion of ownership is the sort of legal conclusion that the Court need not accept on a 12(c) motion. However, NYU overlooks the fact that Fleurimond also alleges that she is the "sole creator" of Orion. Compl. ¶ 6.

■ The Copyright Act provides that ownership of a copyright "vests initially in the author or authors of a work." 17 U.S.C. § 201(a). "As a general rule, the author is the party who actually *creates* the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non–Violence v. Reid,* 490 U.S. 730, 737, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) (emphasis added). Therefore, if the Court accepts as true Fleurimond's allegation that she is the "sole creator" of Orion, it is at least plausible that she owns the copyright.

Nevertheless, NYU argues that even if Fleurimond's assertion of ownership is sufficient at the pleading stage, a W–2 form and various emails attached to its motion papers reflect that it owns the Orion copyright because the so-called "made for hire" exception to the general ownership rule applies in this case.

Section 201(b) of the Copyright Act carves out an exception to the general rule that ownership vests with the creator of a work. 17 U.S.C. § 201(b). Under Section 201(b), the employer for whom the copyright at issue was prepared is considered the author and the owner of the work where the work is "made for hire". 17 U.S.C. § 201(b). The Copyright Act defines a work "made for hire" to include "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101.

NYU contends that the W–2 form and the emails between Fleurimond and several NYU employees conclusively establish that Fleurimond developed Orion while she was an NYU employee, acting within the scope of her employment. However, in the Court's view, these documents may not be considered on a Rule 12(c) motion for judgment on the pleadings. These documents were neither referenced in Fleurimond's complaint, nor relied upon in drafting the complaint. It is equally clear that they are not documents of which the Court may take judicial notice.

■ Although the Court could consider these documents if it converts NYU's Rule 12(c) motion to one for summary judgment, the Court does not believe conversion would be appropriate in this case. The primary issue at this point in the case is whether Fleurimond is the owner of the Orion copyright. As discussed above, NYU claims that it owns the copyright to Orion because Fleurimond developed the design while working for NYU. However, analyzing whether Fleurimond is an employee within the meaning of Section 201(b) requires a fact-intensive inquiry. In particular, the Supreme Court has found that courts should consider:

> the hiring party's right to control the manner and means by which the product is accomplished ... the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee ben-

efits; and the tax treatment of the hired party.

*Community for Creative Non–Violence v. Reid,* 490 U.S. at 751–52, 109 S.Ct. 2166.

 If the *Reid* factors counsel in favor of finding that a plaintiff was an employee, courts must then determine whether the subject work was created within the scope of the plaintiff's employment. In deciding this question, courts look to whether the work: (1) was of the type that the plaintiff was employed to perform; (2) occurred substantially within the authorized time and space limits of the job; and (3) was actuated, at least in part by a purpose to serve the employer. *Avtec Sys., Inc. v. Peiffer,* 38 U.S.P.Q.2d 1922, 1925, 1995 WL 541610 (4th Cir.1995) (citing Restatement (Second) of Agency Section 228).

Even with the benefit of the materials NYU appended to its reply papers, the Court is not in a position, at this stage, to comprehensively assess these factors. The W–2 form and the emails seem to suggest that Fleurimond was an NYU employee acting within the scope of her employment when she developed Orion. However, the Court is not prepared to conclusively determine these issues without giving Fleurimond an opportunity to conduct discovery.

In summary, the Court finds that Fleurimond has offered a plausible copyright infringement claim. Her allegation that she is the sole creator of Orion suggests that she could be the legal owner of the Orion copyright. Evidence that exists outside the four corners of the complaint reflects that NYU may be the rightful copyright owner under Section 201(b). However this is not an issue that can be addressed on a Rule 12(c) motion and the Court declines to convert NYU's motion to one for summary judgment.

### III. CONCLUSION

NYU's Rule 12(c) motion to dismiss the complaint is DENIED.

**SO ORDERED.**