**FRANKLIN ELECTRONIC
PUBLISHERS, INC.,**
Plaintiff,

v.

**UNISONIC PRODUCTS CORPORATION
and Maurice Lowinger, Defendants.**

**No. 90 Civ. 6196 (RPP).**

United States District Court,
S.D. New York.

April 22, 1991.

**2**

McAulay Fisher Nissen & Goldberg by Julius Fisher, New York City, for plaintiff.

Blum Kaplan by Steven B. Pokotilow, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This suit involves claims of patent and copyright infringement, unfair competition, and other claims of plaintiff Franklin Electronic Publishers ("Franklin") against defendants Unisonic Products Corporation ("Unisonic") and Maurice Lowinger ("Lowinger"). Defendants move pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of Franklin's claims for copyright infringement, common law trademark infringement, unfair competition and violations of the New York State consumer protection law and anti-dilution law (Counts III, IV, VI, VII, VIII and IX) and also for dismissal pursuant to Rule 12(b)(6) of all claims against defendant Maurice Lowinger for failure to state a claim against him personally.[1] In the alternative, defendants move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. According to the complaint, Lowinger is an officer and director and the sole shareholder of Unisonic.

## BACKGROUND

This action arises out of the sale and distribution of electronic spelling correction aids—small devices resembling calculators, into which words may be entered by means of a keyboard and which then display a correct spelling for the entry. Plaintiff Franklin alleges that the defendants are selling and distributing an electronic spelling aid under the name "Word Pro" in infringement of Franklin's patent rights under 35 U.S.C. §§ 171, 271 and 281, copyright rights under 17 U.S.C. § 501, and trademark rights under 15 U.S.C. § 1125, as to Franklin's own electronic spelling aid,

---

1. Defendants' Notice of Motion seeks an order dismissing Counts VI, VII, VIII and IX. Notice of Motion at 2. However, defendants' Memorandum of Law in Support of Motion to Dismiss requests an order dismissing Counts III, IV, VIII and IX. Defendants' Memorandum of Law, at 20. The discussion contains assertions that Count VI should be dismissed for failure to state a claim upon which relief can be granted. Defendants' Memorandum of Law at 18. Although the brief does not discuss why claims V and VII should be dismissed, Part II, entitled "Statement of Facts," states "UNISONIC will show in due course that these claims are also devoid of merit." *Id.* at 7. Plaintiff's memorandum recognizes these inconsistencies and states it will "treat the motion as being directed to claims III, IV and VI through IX." Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss at 1.

sold under the name "Spelling Ace." Franklin also alleges trademark infringement and unfair competition under New York common law, and violations of the New York State anti-dilution statute, N.Y. Gen.Bus.L. § 368–d, and of the New York State consumer protection law, N.Y.Gen. Bus.L. § 349. This motion will not be treated as a Rule 56 motion for summary judgment, since the only matters other than the text of the complaint itself which the Court has considered are the exhibits attached to the complaint and thus incorporated therein. *See Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985).

## DISCUSSION

The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When passing on a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in favor of the pleader. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

### I. The Claims Against Lowinger

As to dismissal of the claims against Lowinger, defendants rely on the general rule that the separate identity of a corporation should be recognized and upheld unless specific unusual circumstances allow for an exception. *See Manville Sales Corp. v. Paramount Sys., Inc.,* 917 F.2d 544, 552 (Fed.Cir.1990); *William Wrigley Jr. Co. v. Waters,* 890 F.2d 594, 600 (2d Cir.1989). They assert that Franklin has not alleged sufficient facts to justify piercing the corporate veil. Piercing the corporate veil is justified when the corporate entity is the "alter ego" of the person sought to be held liable, because that per-son so dominates the corporation that the corporation served his interests rather than its own. *See Gartner v. Snyder,* 607 F.2d 582, 586 (2d Cir.1979). In patent infringement cases, "corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under [35 U.S.C.] § 271(b) regardless of whether the corporation is the alter ego of the corporate officer." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565, 1579 (Fed.Cir.1986) (citing *Power Lift, Inc. v. Lang Tools, Inc.,* 774 F.2d 478, 481 (Fed.Cir.1985)). Paragraph 4 of the Complaint states "[o]n information and belief, Lowinger is an Officer and Director of Unisonic, is the sole shareholder of Unisonic, is actively engaged in and directs and controls the business policies of Unisonic, and has a direct financial interest in such activities." Complaint, ¶ 4. Such pleading is conclusory at best and does not contain allegations of acts sufficient to support those conclusions. Accordingly, the motion to dismiss all claims against Maurice Lowinger is granted without prejudice to plaintiff's filing an amended complaint at a later date.[2]

### II. Counts III and IV; Copyright Infringement

Count III alleges copyright infringement of a work entitled "Spelling Ace Second Edition Computer Program and Screen Display," which consists of a computer program and screen display registered on August 7, 1987. *See* Complaint, ¶ 25, and Exhibit C. Count IV is for copyright infringement of a work entitled "Spelling Ace (Second Edition)," which consists of a compilation of words and spellings registered on July 25, 1988. *See* Complaint, ¶ 35, and Exhibit D. The claimed infringement of both of these registrations is "by the manufacture and/or sale of product, including the Word Pro Model 305 spelling corrector product, which contains portions copied and/or derived from the aforesaid copyrighted work" without Franklin's consent. Complaint, ¶¶ 28, 38.

2. Plaintiff's discovery of defendant Unisonic may include inquiry as to Lowinger's activities relating to the claims in this litigation and his degree of control of Unisonic and shall not be limited by this ruling of the Court.

■ Having established ownership by its registration certificates, plaintiff can show "copying" either by direct evidence, or circumstantially by showing 1) access to the copyrighted work, and 2) substantial similarity as to protectible material in the two works. *See Reyher v. Children's Television Workshop,* 533 F.2d 87, 90 (2d Cir.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976). Defendants argue that plaintiff's complaint fails to allege "with any specificity the basis upon which access was obtained" or "to identify the information upon which Plaintiff bases its belief that there is substantial similarity constituting copyright infringement...." Defendant's Memorandum in Support of Motion to Dismiss at 16–18. Defendants claim they cannot determine, as to the copyright registration in Exhibit D (claim IV), whether the software elements or the visual elements of the computer are claimed to be infringed.

Rule 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of the rule is to give "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer." *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977).

In *Hartman v. Hallmark Cards, Inc.,* 639 F.Supp. 816 (W.D.Mo.1986), *aff'd,* 833 F.2d 117 (8th Cir.1987), the court noted that "[i]n applying Rule 8 to copyright infringement actions, courts have required that particular infringing acts be alleged with some specificity." *Id.* at 820 (citations omitted). That complaint was held to violate Rule 8 in that, instead of alleging the copyrighted materials infringed, it contained a broad claim of infringement by "*all* other animated productions, paper products, dolls, toys, and any other merchandising and licensing products which have been granted by Hallmark Cards, Incorporated." *Id.* (emphasis added).

Defendants also rely on *Cole v. Allen,* 3 F.R.D. 236, 237 (S.D.N.Y.1942), a case involving a demand for a bill of particulars, in which plaintiff annexed to the complaint only the titles of six books. The court stated that the gist of the complaint showed plaintiff did not intend "to charge that each and every episode, character and dialogue in such books" was infringed by defendant's use of the books in a radio broadcast and ruled that defendants were entitled to know "what particular portions of the copyrighted work they are charged with having infringed."[3] *Id.*

In the present case, the allegations of the complaint are not broad and sweeping in the same way. Rule 8 requires that plaintiff state in his infringement claim which specific original works are the subject of the claim, that plaintiff owns the copyright, that the works have been registered in compliance with the copyright statute and by what acts and during what time defendant has infringed the copyright. *See Calloway v. The Marvel Entertainment Group,* 1983 · Copyright L.Dec. (CCH) ¶ 25,570, 1983 WL 1141 (S.D.N.Y.1983) (dismissing complaint which failed to state copyright registration numbers and alleged dates of infringement). Franklin has complied with all but the last of these requirements and, while plaintiff has not alleged the date defendants allegedly commenced their infringing activities, plaintiff has alleged that defendant continues to infringe.

■ Because a court faced with a motion to dismiss for failure to state a claim must take the allegations of infringement in the complaint as true, dismissals are generally limited to unique situations such as where the allegedly infringing acts occurred wholly outside the United States or where plaintiff has brought another claim such as breach of contract under the guise of copyright infringement. *See, e.g., Lukasewych v. Wells, Rich, Greene, Inc.,* 747 F.Supp. 1089 (S.D.N.Y.1990); *Foster v. WNYC–TV,* 14 U.S.P.Q.2d 1048, 1989 WL 146277 (S.D.N.Y.1989). On this motion, the Court must

---

**3.** In *Cole,* the nature of the infringement (i.e., use during a broadcast which was limited in duration) inherently contradicted an allegation that the entire texts of six separate books had been infringed.

take plaintiff's allegations that defendant copied its copyrighted works (Complaint ¶¶ 28, 38) as true. A motion to dismiss is properly granted only if it is clear that no relief can be granted under any set of facts that could be proved consistently with the allegations of the complaint. *See Briley v. Blackford,* No. 89 Civ. 8365 at n. 10, 1990 WL 124341 (S.D.N.Y. Aug. 21, 1990). For this reason, defendants' motion to dismiss the copyright infringement claims in Counts III and IV is denied.

### III. Counts VI and VII

■ Count VI alleges common law trademark infringement, in that defendants have copied the distinctive "trade dress" of plaintiff's product in violation of plaintiff's common law trademark rights. Plaintiff's Memorandum in Opposition at 12. Count VII alleges unfair competition under New York common law, based on the same allegations asserted under Counts V and VI.[4] Defendants argue that Counts VI and VII are the same claim and move for dismissal of one or the other on the ground that they are duplicative. Plaintiff states that "the basis for [Count] VI is that defendants have copied the distinctive trade dress of plaintiff's product in violation of Franklin's common law trademark rights." Plaintiff's Memorandum in Opposition at 12. Plaintiff characterizes Count VII as an action for unfair competition for "intentional copying of trade dress" of plaintiff's product under the New York Law of unfair competition. *Id.*

Trademark infringement is a category of the common law concerning unfair competition. Infringement of trade dress is also a category of unfair competition under New York common law. *See Perfect Fit Indus., Inc. v. Acme Quilting Co.,* 618 F.2d 950 (2d Cir.1980), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982). In its memorandum of law, plaintiff states that its common law trademark claim is based upon copying of its product's trade dress and neither distinguishes Count VI from Count VII nor cites any authority for the

proposition that the two claims are separate. Plaintiff's Memorandum at 12. Since imitation of trade dress is a tort included under the law concerning "unfair competition," and for redress of which the plaintiff is entitled to the same relief, Count VI is hereby dismissed as duplicative of Count VII.

### IV. Count VIII

■ In Count VIII, plaintiff seeks damages for a violation of the New York anti-dilution statute, N.Y.Gen.Bus.L. § 368–d. Plaintiff lacks standing to bring such a claim. *See Weight Watchers Int'l, Inc. v. Stouffer Corp.,* 744 F.Supp. 1259, 1284 (S.D.N.Y.1990) (the purpose of the anti-dilution statute is to protect distinctive marks from being used on dissimilar, non-competing products); *Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.,* 42 N.Y.2d 538, 544, 369 N.E.2d 1162, 399 N.Y.S.2d 628 (1977). Secondly, the remedy sought by Franklin under Count VIII is monetary and the anti-dilution statute provides only for injunctive relief, not monetary damages. *See MasterCard Int'l, Inc. v. Arbel Corp.,* 13 U.S.P.Q.2d 1958, 1989 WL 125781 (S.D.N.Y.1989). Since plaintiff lacks standing under the anti-dilution statute and does not seek injunctive relief, defendants' motion to dismiss Count VIII is granted. *Id.*

### V. Count IX

■ In Count IX, plaintiff claims damages based on defendants' alleged violation of the New York Consumer Protection Law, N.Y.Gen.Bus.L. § 349, but it has not alleged injury to consumers or to the public interest and thus has not stated a claim under the statute. *See MasterCard Int'l, supra* (§ 349 does not create a private cause of action unless the action is brought by a consumer or on behalf of a class of consumers); *National Org. for Women v. State Div. of Human Rights,* 34 N.Y.2d 416, 314 N.E.2d 867, 358 N.Y.S.2d 124 (1974). Plaintiff is bringing this action for its own benefit and not as a consumer of

---

**4.** Count V alleges a violation of 15 U.S.C. § 1125(a), a provision of the Lanham Act.

Count VI is based on the same factual allegations asserted under Count V.

**6**

electronic spelling aids nor on behalf of those consumers. *MasterCard Int'l, supra.* More importantly, however, the gravamen of the complaint is not alleged to be consumer injury or harm to the public interest. Accordingly, the motion to dismiss Count IX is granted. *See Weight Watchers Int'l*, 744 F.Supp. at 1285; *Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F.Supp. 1084, 1089 (S.D.N.Y.1988).

## CONCLUSION

For the reasons stated above, Counts VI, VIII and IX are dismissed as are all counts against defendant Lowinger, the latter without prejudice to plaintiff's filing an amended complaint including Lowinger after discovery.

IT IS SO ORDERED.