PARAGON SERVICES, INC., Plaintiff,

v.

Robert K. HICKS and Lee–Hi,
Incorporated, Defendants.

Civ. A. No. 2:93cv1183.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 18, 1994.

M.T. Bohannon, Jr., Bohannon, Bohannon & Hancock, P.C., Norfolk, VA, for plaintiff.

William F. Devine, Hofheimer, Nusbaum, McPhaul, & Samuels, Norfolk, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

### I. INTRODUCTION

Paragon Services Inc. ("Paragon") filed its complaint on December 7, 1993 alleging that defendants violated various provisions of the Lanham Act, 15 U.S.C. § 1125(a), the Copyright Act, 17 U.S.C. §§ 101, 501, and Virginia's unfair competition law. The defendants, Lee–Hi, Inc. ("Lee–Hi") and Robert K. Hicks ("Hicks"), have jointly filed a motion to dismiss, or in the alternative, a motion for summary judgment, asserting that plaintiff's suit should be dismissed because: (1) it is barred by the doctrines of res judicata and collateral estoppel; (2) plaintiff has failed to plead all elements of a copyright violation; (3) plaintiff's claim for damages under both the Lanham Act and the Copyright Act is untenable; and (4) plaintiff's Lanham Act claim fails to meet the Rule 9(b) specificity requirements.[1]

### II. FACTS

Paragon, a successor of Fosman and Fosman Inc. (d/b/a Promo Enterprises), publishes phone book covers which are distributed at military installations throughout the United States. The phone book covers provide phone numbers, information on local areas of interest, and advertisements. Since the books are distributed at no charge, the advertising dollars serve as the publisher's sole means of income. Paragon owns copyrights on both the phone book covers and on the contract forms used with its advertisers.

Defendant Lee–Hi is a direct competitor of Paragon and is owned by defendant Hicks, who worked in the sales division of Paragon for the first two months following Promo's assignment of interests to Paragon in September, 1991. Paragon alleges that for the past two years, defendants have wrongfully secured business from approximately 35 military installations which used to do business with Paragon. Paragon claims that defendants have held themselves out to be the successors to Promo Enterprises and have told potential customers that Promo Enterprises is out of business. The defendants have also allegedly used copyrighted versions of Paragon's phone book covers and advertising forms when securing clients. As a result, plaintiff claims to have lost approximately $100,000.

This suit is not the first legal battle between the parties. In November of 1992, plaintiff filed a three count bill of complaint in Virginia Beach Circuit Court against the same defendants. Count I alleged that defendant Hicks had violated his non-compete clause after he stopped working for Paragon (on or about November 16, 1991) and had continued to violate the clause through the filing of the complaint. Paragon alleged that Hicks and Lee–Hi had "entered into direct competition with [Paragon], wrongfully securing for these defendants many projects, and consequently many customers, which by contract should have been [Paragon's]." *See* Complaint and Amended Complaint, Defendants' ex. A and B. The state court dismissed the non-compete count pursuant to the Statute of Frauds but awarded damages on Paragon's other claims.

---

1. The court's ruling with regard to the res judicata issue renders moot defendants' third and fourth arguments. Therefore, the court will not address these issues.

## III. STANDARD

The defendants have filed a joint motion to dismiss pursuant to Rule 12(b)(6) or, in the alternative, a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. When determining a motion to dismiss under Rule 12(b)(6), the court should accept the facts alleged in the complaint as true and construe them in favor of the plaintiff. *Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A motion to dismiss should be granted if the plaintiff's complaint has failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

When additional material is considered by the court which is outside the pleadings, the court should treat the motion to dismiss as one for summary judgment. *See* Fed. R.Civ.P. 12(b). Rule 56(c) provides that a moving party is entitled to summary judgment "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In order to withstand a motion for summary judgment, the plaintiff must establish the existence of a genuine issue of material fact by presenting evidence on which the jury could reasonably find in his favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## IV. DISCUSSION

### A. Res Judicata and Collateral Estoppel [2]

■ The court must first determine whether plaintiff's claims in the instant action are barred by the doctrines of res judicata and collateral estoppel because of the prior suit decided in state court. The related doctrines of res judicata and collateral estoppel seek to relieve parties of the cost of multiple lawsuits, prevent inconsistent verdicts, conserve judicial resources and encourage reliance on adjudications. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Under the doctrine of collateral estoppel, the parties may not attempt to relitigate claims which have been *actually* litigated by the parties in the earlier suit. *Young Engineers, Inc. v. ITC,* 721 F.2d 1305, 1314 (Fed.Cir.1983). Under the doctrine of res judicata, the parties may not attempt to relitigate claims which were *or could have been* raised in an earlier suit where a final judgment on the merits was reached. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Fay v. South Colonie School District,* 802 F.2d 21, 28 (2nd Cir. 1986). Because defendants appear to rely more upon the doctrine of res judicata, the court will focus on this doctrine.

■ In order to establish that a claim is barred by res judicata, the moving party must show: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in two suits. *Keith v. Aldridge,* 900 F.2d 736 (4th Cir.1990). The second factor, which will be the focus of this court's inquiry,[3] has been described in the following manner:

> Having been defeated on the merits in one action, a plaintiff sometimes attempts another action seeking the same or approximately the same relief but adducing a different substantive law premise or ground. This does not constitute the presentation of a new claim when the new premise or ground is related to the same transaction or series of transactions, and accordingly the second action should be held barred.

Restatement (Second) of Judgments § 25, comment d (1982); *see also Harnett v. Billman,* 800 F.2d 1308, 1313 (4th Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1571, 94

---

2. The court will treat this motion as one for summary judgment since material (the prior state court decision) outside the pleadings is being considered.

3. In the instant case, both parties concede that the first and third factors have been met and that the second factor should be the focus of the court's inquiry. In the prior state action, the Circuit Court of Virginia Beach reached a final decision on the merits in a suit involving the identical parties which are before this court.

L.Ed.2d 763 (adopting the "transaction" approach and noting that even if plaintiff is unaware of the alternative ground for relief at the time of the first suit, he may not raise it in the second suit if it rises out of claims asserted in the first suit).

### 1. Lanham Act and Virginia Unfair Competition laws

 The court will first address whether plaintiff's Lanham Act and unfair competition claims arise out of the same transaction as the claims raised in the first suit and could have been brought in that forum. The gist of plaintiff's argument with regard to these two claims is that defendants have misled previous clients of Paragon by maintaining that defendants are the successors to Promo and by passing off Paragon's telephone covers and forms as their own. Paragon claims these issues are wholly separate from those resolved in the prior state action and asserts that it could not have previously raised the additional grounds because it was not aware of defendants' conduct at the time.

Contrary to plaintiff's assertions, the court concludes that Paragon's Lanham Act and unfair competition claims arise out of the same transactions raised in the first trial and are therefore barred by res judicata. The focus of the state court action involved the sale of telephone book covers to military installations by defendants from November 1991 until the time of the filing of the suit in November of 1992. In the instant action, the same general subject matter is involved (this suit involves phone covers *and* forms), during an overlapping time period (from November 1991 through the filing of this suit), involving the same general harm.[4] While the primary theory advanced by plaintiff in the earlier action (breach of non-compete clause) is different from the theories advanced in this action, this fact does not lead to the conclu-

sion that the two suits involve separate transactions. *See* Restatement (Second) of Judgments § 25, comment d. Moreover, the fact that Paragon was unaware of defendants' alleged Lanham Act and unfair competition violations at the time of the first suit does not serve as a justification for escaping the res judicata bar. *Harnett,* 800 F.2d at 1313. Therefore, since the new allegations arise out of the allegations addressed in the initial suit, they will be precluded.[5]

### 2. Copyright Act

 The court must next determine whether Paragon's copyright claim is the type of claim that arises out of the same transaction and could have been brought in the earlier action. While the aforementioned analysis involving the Lanham Act and Virginia unfair competition claim might suggest that the copyright claim would also be barred, a closer examination of the jurisdictional prerequisites in filing a copyright claim leads the court to reach a different result.

Pursuant to 28 U.S.C. § 1338, district courts shall have exclusive jurisdiction of all civil actions arising under the federal copyright laws. This jurisdictional requirement precludes the bringing of a federal copyright claim in state court. Since Paragon could not have brought its copyright claim in the prior state court action, this claim is not barred by res judicata. As the Restatement notes:

> The general rule of § 24 is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed

---

4. In the state court action, plaintiff alleged losses of $75,000 due to defendants' breach of their non-compete clause. In the instant action, which involves a slightly longer time frame, plaintiff alleges that it has lost $100,000.

5. Paragon also asserted that it could not have discovered defendants' Lanham Act and unfair competition violations because defendants were engaged in concealment of their activity. *See Harnett v. Billman,* 800 F.2d at 1308 (defendant's concealment could negate the otherwise preclu-

sive effect of res judicata). Aside from these bold assertions, Paragon has made no reference in its complaint to specific instances of concealment or fraudulent conduct which precluded Paragon from discovering the conduct in question. At oral argument, Paragon conceded that it had no additional facts to support its concealment allegation. The court therefore concludes that the exception to the res judicata doctrine has not been established.

and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first. Restatement (Second) of Judgments § 26 comment (c) (1982); *RX Data Corp v. Department of Social Services,* 684 F.2d 192 (2nd Cir.1982); *see also Young Engineers, Inc. v. ITC,* 721 F.2d 1305, 1314 (Fed.Cir. 1983). Thus, since plaintiff would have been procedurally barred from bringing a copyright claim in the prior state action, the court concludes that Paragon's copyright claim is not barred by res judicata.

### B. Failure to Plead a Copyright Act Violation

■ Having determined that Paragon's copyright claim is not barred, the Court must next determine whether plaintiff has plead this claim with a sufficient level of specificity. Under the modern rules of federal pleading, a plaintiff generally only needs to set forth a short and plain statement of the alleged wrong which apprises the defendant of the charge and enables him to prepare a responsive pleading. *See* Fed.Rules of Civ.Proc. 8(a)(2). *Brown v. Califano,* 75 F.R.D. 497–98 (D.D.C.1977). An exception to this general rule, however, has been recognized when the claimant is asserting a copyright violation. In such cases, courts have required a greater degree of specificity. *Hartman v. Hallmark Cards Inc.,* 639 F.Supp. 816, *aff'd,* 833 F.2d 117 (8th Cir.1987). A claimant alleging a copyright claim must state: (1) which specific original works are the subject of the claim; (2) that plaintiff owns the copyrights in issue; (3) that the works in issue have been registered; and (4) by what acts and during what time frame defendants have infringed the copyright. *See Gee v. CBS, Inc.,* 471 F.Supp. 600, 643 (E.D.Pa.1979), *aff'd,* 612 F.2d 572 (3rd Cir.1979); *Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.,* 763 F.Supp. 1 (S.D.N.Y.1991).

■ A review of the complaint reveals that the plaintiff has not met the third and fourth factors. With regard to the third factor, plaintiff has failed to state whether its copyrights have been registered. As for the fourth factor, plaintiff's allegations are overly broad. While plaintiff states that defen-

dants' alleged conduct occurred at thirty-five installations over the past two years, plaintiff has not identified the particular installations and has not identified a more precise time frame.

Based on the aforementioned reasons, defendants' motion to dismiss plaintiff's copyright claim will be GRANTED and this claim will be DISMISSED WITHOUT PREJUDICE. Plaintiff is free to replead its copyright claim.

### V. CONCLUSION

Defendants' motion for summary judgment is GRANTED IN PART. Paragon's Lanham Act claim and unfair competition claim are barred under the doctrine of res judicata; its copyright claim, however, is not barred. Defendants' motion to dismiss regarding Paragon's failure to plead a copyright claim is GRANTED and the copyright claim will be DISMISSED WITHOUT PREJUDICE. Paragon may replead its copyright claim. All other issues raised by defendants are MOOT.

It is so ORDERED.