**JETFORM CORPORATION, Plaintiff,**

v.

**UNISYS CORPORATION, Defendant.**

**No. CIV. A. 98–228–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 27, 1998.

Peter J. Carney, White & Case, Washington, DC, for Plaintiff.

Frank Winston, Jr., Wiley, Rein & Fielding, Washington, DC, for Defendant.

*MEMORANDUM OPINION*

CACHERIS, District Judge.

This case is before the Court on Defendant Unisys' Motion to Dismiss Counts One through Four of the Complaint and Unisys' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction.

## I.

Plaintiff JetForm Corporation ("JetForm") filed this lawsuit against Unisys Corporation ("Unisys") on February 17, 1998. According to the Complaint, JetForm is a Canadian software manufacturer which licensed certain software products to Unisys, allowing Unisys to provide those products to the United States Coast Guard in furtherance of Unisys' contract with the Coast Guard. JetForm contends that its agreement with Unisys requires Unisys to pay JetForm a royalty for each Coast Guard keyboard which can be used to access to JetForm's software. Jet-Form argues that Unisys has failed to pay the full amount owed on the contract and is suing for injunctive relief and damages.

JetForm's Complaint contains nine counts. Counts One through Four are based on copyright infringement. Counts Five and Six are for breach of contract. Count Seven is based on promissory estoppel, Count Eight is for conversion, and Count Nine is based on unjust enrichment.

Unisys has filed two motions to dismiss. In its first motion, Unisys argues that Counts One through Four of JetForm's Complaint fail to meet the requirements for pleading copyright infringement claims. In its second motion, Unisys argues that the entire Complaint should be dismissed pursuant to Rule 12(b)(1) because JetForm's allegations can only be addressed by the United States Court of Federal Claims.

## II.

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995)(quotation omitted). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). If the defendant contends that a complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts alleged in the complaint are assumed to be true. *Id.* The plaintiff is then afforded the same procedural protection as he would receive under Rule 12(b)(6) consideration. *Id.*

Rule 12(b)(6) motions test the legal sufficiency of a complaint. *Randall v. United States,* 30 F.3d 518, 522 (4th Cir.1994). Accordingly, such motions "should be granted only in very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989). A motion to dismiss under Rule 12(b)(6) should be denied " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *De Sole v. United States,* 947 F.2d 1169, 1177 (4th Cir.1991) (quoting *Coakley & Williams, Inc. v. Shatterproof Glass Corp.,* 706 F.2d 456, 457 (4th Cir.1983)).

Generally, a motion to dismiss under Rule 12(b)(6) must be assessed in light of Rule 8's liberal pleading standards. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need only state sufficient facts to enable the defendant to draft a responsive pleading. 5A Wright & Miller, *Fed. Practice and Procedure,* § 1357.

## III.

In its Motion to Dismiss Counts One through Four of the Complaint filed pursuant to Rule 12(b)(6), Unisys argues that JetForm failed to plead copyright infringement with the requisite particularity. Specifically, Unisys argues that JetForm failed to: 1) allege that the works at issue have been registered; 2) allege whether the works are of United States origin; 3) allege which specific works are the subject of its claim; 4) allege with specificity how the copyrights were infringed; and 5) allege with specificity when the infringement occurred.

Initially, the Court must determine whether copyright infringement claims are assessed in light of Rule 8's liberal pleading standards or whether such claims must be alleged with greater specificity. In support of its argument that copyright infringement claims must be alleged with specificity, Unisys relies on *Paragon Services, Inc. v. Hicks,* 843 F.Supp. 1077, 1081 (E.D.Va.1994). In that case, a court in this District dismissed a copyright infringement claim because it did not meet a heightened pleading standard. *Id.*

However, Wright & Miller's *Federal Practice and ·Procedure* recently stated that in light of the Supreme Court's opinion in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the requirement stated in *Paragon Services, Inc.* appears to be in clear violation of Rule 8. 5 Charles A. Wright & Arthur R. Miller, *Fed. Practice and Procedure,* § 1237 (Supp.1997). In *Leatherman,* the Supreme Court stated that the only claims which must meet a heightened pleading standard are those enumerated in Rule 9(b), which addresses averments of fraud or mistake. *Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160.

In *Mid America Title Company v. Kirk,* 991 F.2d 417, 421–22 (7th Cir.1993), the Seventh Circuit, citing *Leatherman,* ruled that copyright infringement claims need not be pled with particularity. The court noted that copyright infringement claims which merely allege ownership of the copyright by the plaintiff, registration in compliance with the applicable statute, and infringement by the defendant have been held sufficient. *Id.* at 421 n. 9 (citing 5 Charles A. Wright & Arthur R. Miller, *Fed. Practice and Procedure,* § 1237).

■ The Court finds the Seventh Circuit's application of *Leatherman* in *Mid America Title Company* to copyright infringement actions to be persuasive and declines to follow the decision in *Paragon Services, Inc.*[1] Accordingly, Unisys' Motion to Dismiss must be denied if JetForm's copyright infringement claims state sufficient facts to enable Unisys to draft a responsive pleading.

First, as Unisys concedes, JetForm alleges that it owns the copyrights at issue. Second, while JetForm's complaint does not allege registration with the Copyright Office, it alleges an appropriate exception to that requirement; namely, that the software at issue is Berne Convention work whose country of origin is not the United States. 17 U.S.C. § 411(a).

Unisys argues that the Complaint lacks "key information essential to the determination of whether the programs are works of

U.S. origin." Unisys' Reply to JetForm's Opposition, p. 3. 17 U.S.C. Section 101 contains provisions describing when a Berne Convention work's country of origin is or is not the United States. However, as stated, the Complaint need only state sufficient facts to enable Unisys to draft a responsive pleading, and that standard is satisfied by JetForm's statement that the relevant work is Berne Convention work whose country of origin is not the United States.

Pursuant to Rule 12(b)(6), the Rule under which Unisys brought this Motion, the Motion should be denied unless it appears beyond doubt that JetForm can prove no set of facts in support of its claim which would entitle it to relief. *De Sole v. United States,* 947 F.2d at 1177. Because JetForm may be able to prove facts demonstrating that it is entitled to the Berne Convention exception to the registration requirement, Unisys' Motion must be denied.

In addition to stating it owns the copyrights and qualifies for an exception to registration, JetForm identifies the works at issue and generally states how and when infringement occurred. For these reasons, JetForm's Complaint meets and exceeds Rule 8's pleading requirements. For all of these reasons, Unisys' Motion to Dismiss Counts One through Four of the Complaint is DENIED.

## IV.

■ Before addressing Unisys' second motion, the Court first turns to JetForm's argument that the second motion should not be considered pursuant to Federal Rule of Civil Procedure 12(g). Under Rule 12(g), all Rule 12 arguments must be joined in one motion, although under Rule 12(h)(3), an argument that the Court lacks subject matter jurisdiction may be considered at any time. In its second motion, Unisys contends that the Court lacks subject matter jurisdiction, but JetForm argues that the motion actually raises an affirmative defense and does not concern jurisdiction.

---

**1.** It is worth noting that the court in *Paragon Services, Inc.* did not address the Supreme

Court's decision in *Leatherman.*

Regardless, Unisys' second motion was made before the Court ruled on the first motion and Unisys could have simply moved to consolidate its arguments. The purpose of Rule 12(g) is to prevent unnecessary delay at the pleading stage. 5A Wright & Miller, *Fed. Practice and Procedure*, § 1384. However, that concern is not present here, as no delay will occur if the Court considers the first and second motions simultaneously. For these reasons, the Court finds that consideration of Unisys' second motion is appropriate at this time.

## V.

■ In its motion, Unisys argues that 28 U.S.C. Section 1498(b) requires that Jet-Form's claims be brought against the United States and provides the United States Court of Federal Claims with exclusive jurisdiction over the claims.[2] The provision at issue states:

> [W]henever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States ... or by a contractor, subcontractor, or any person, firm, or corporation acting for and with the authorization or consent of the government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in a Court of Federal Claims for the recovery of his reasonable and entire compensation as damages for such infringement[.]

28 U.S.C. § 1498(b). Unisys argues that because it was acting as a government contractor, and because the government was the primary infringing actor, JetForm can only obtain relief from the government.

In *Auerbach v. Sverdrup Corp.*, 829 F.2d 175 (D.C.Cir.1987), the United States Court of Appeals, District of Columbia Circuit provided a detailed examination of Section 1498(b). The D.C. Circuit stated that "the government is not obligated to act as an insurer for the infringement actions of any third party acting for the government." *Id.* at 179. Focusing on the "authorization or consent" language of the statute, the court stated:

> [P]rivate parties had best be certain that the government intends to shoulder liability for their wrongful acts. Absent authorization or consent, says the statute in plain terms, they proceed at their peril. This construction of the statute is confirmed by the general rule that governmental waivers of liability must be construed narrowly.

*Id.* (citations omitted).

Unisys argues that the government provided the authorization or consent required by the statute by accepting delivery of the software at issue under the government's contract with Unisys. However, this argument was rejected by the D.C. Circuit, which stated that acceptance of the argument would create a "government insurance plan for the torts of its agents." *Id.* The court stated that by authorizing action by a contractor, the government does not authorize copyright infringement by the contractor occurring within the sphere of the authorized activity, and the government only waives immunity for a third-party infringement when the government authorizes or consents to the infringement. *Id.*

The D.C. Circuit's opinion in *Auerbach* was followed by the Eastern District of Virginia in *Secure Services Technology, Inc. v. Time and Space Processing, Inc.*, 722 F.Supp. 1354 (E.D.Va.1989). In that case, the court stated:

> Section 1498(b) applies only when the government expressly authorizes or consents to the copyright infringement. (citing *Auerbach*, 829 F.2d at 180–81). When, as here, the government was only an innocent facilitator of the copyright infringement, Section 1498(b) is inapplicable.

*Id.* at 1365.

Unisys argues that the Fourth Circuit's opinion in *Bereslavsky v. Esso Standard Oil*,

**2.** In *Robishaw Eng'g, Inc. v. United States*, 891 F.Supp. 1134, 1140 n. 9 (E.D.Va.1995), the District Court for the Eastern District of Virginia noted that there is a split of authority as to the manner in which Section 1498 bars an infringement action, as the dispute on whether this Motion should be considered demonstrates. The court stated that some courts have held that the statute deprives district courts of jurisdiction (citing *Croydon Co. v. Unique Furnishings, Ltd.*, 831 F.Supp. 480, 486–87 (E.D.N.C.1993)), while others have held that it codifies an affirmative defense with no effect on jurisdiction (citing *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed.Cir.1990)). *Id.*

175 F.2d 148 (4th Cir.1949) contradicts the district court's opinion in *Secure Services Technology*. In *Bereslavsky*, in defining "authorization or consent" in the precursor to the modern Section 1498(b), the Fourth Circuit quoted an opinion of the Army's Judge Advocate General which stated:

> [T]he specifications and the contract may be silent with respect to the use of patented inventions. In such event, if the invention for which claim is made is incorporated in the articles delivered to the United States under the terms of the contract, the acceptance of such articles as complying with the terms of the contract, constitutes consent by the Government ... and forms the basis for the transfer of jurisdiction over any claim for compensation therefor from the District Court to the Court of Claims[.]

*Bereslavsky*, 175 F.2d at 151 (internal quotation marks omitted).

The D.C. Circuit cited *Bereslavsky* as an example of a limited class of cases where consent is implied by necessity. *Auerbach*, 829 F.2d at 180. The court noted that in *Bereslavsky*, the government ordered a contractor to manufacture a product which necessitated the use of a patented process, and the government effectively accepted liability because it expected the contractor to use the patented process. *Id.*

This Court finds *Bereslavsky* to be distinguishable and finds the reasoning in *Auerbach* and *Secure Services Technology, Inc.* persuasive. Unlike *Auerbach*, the contract in this case apparently specified that Unisys was to provide JetForm software. However, according to the Complaint, Unisys agreed to license JetForm software in connection with Unisys' contract with the Coast Guard and the Coast Guard arguably relied on that agreement in requesting and using JetForm software.[3] Therefore, unlike in *Bereslavsky*, the evidence at this stage does not indicate that the government knowingly ordered a contractor to infringe a third-party's rights, therefore, authorization and consent cannot be implied by necessity.

Moreover, in *Bereslavsky*, the government had strong motive for ordering a contractor to violate a third-party's intellectual property rights and for shouldering liability for such infringement, as the contract in that case was formed near the beginning of the United States' involvement in World War II and provided materials necessary for war.[4] No such motive exists in this case.

In following *Auerbach* and *Secure Services Technology, Inc.*, the Court rejects Unisys' contention that the government provides consent or authorization under Section 1498(b) merely by accepting goods delivered pursuant to a contract or by specifying the goods to be delivered.[5] Because Unisys fails to present sufficient evidence at this stage to demonstrate that the government expressly authorized or consented to the alleged copyright infringement, Unisys' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction is DENIED.

An appropriate Order shall issue.

---

3. At oral argument, an attorney for the Coast Guard argued that the Coast Guard's agreement with Unisys required that Unisys obtain licenses for the relevant software from the software manufacturer.

4. The Judge Advocate General's Opinion cited by the court was issued in 1943, and the contract at issue was formed in January, 1942, and it involved petroleum products for use in the ongoing war. Moreover, the case involved the precursor to the modern Section 1498(b). As the Supreme Court stated:

> The intention and purpose of Congress in the act ... was to stimulate contractors to furnish what was needed for the war, without fear of becoming liable themselves for infringements to inventors or the owners or assignees of patents.... To accomplish this governmental purpose, Congress exercised the power to take away the right of the owner of the patent to recover from the contractor for infringements. *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 345, 48 S.Ct. 194, 72 L.Ed. 303 (1928)(quoted in *Bereslavsky*, 175 F.2d at 150).

5. Often, the government will include an "authorization and consent" clause in its solicitations and contracts, providing that the government authorizes and consents to infringement when it accepts delivery of materials under a contract. *Robishaw Eng'g, Inc.*, 891 F.Supp. at 1140 (citing 48 C.F.R. §§ 27.201, 52.227–1). However, Unisys does not argue that such a clause appeared in its contract with the government in this case.