U.S. BANCORP, a National Association and Oregon Corporation, d/b/a U.S. Bank of Nevada, Plaintiff,

v.

Felix IKE; Larsen Bill; Carla Premo; Karen McDade; Melanie Tom; Steve Johnnie; Stanford Knight; Fermina Stevens; Michael Price; Elwood Mose; Leta Jim; Jody Abe; Floyd Bill; Harvey Healy; Lydia Johnson–Sam; Clarance Andreozzi; Te–Moak Tribal Counsel; and Does 1–10 inclusive, Defendants.

Chairman Elwood Mose; Leta Jim; Lydia Johnson–Sam; Clarence Andreozzi; Floyd Bill; Harvey Healy; and Jody Abe, the Duly Elected Members of the Te–Moak Tribal Counsel; and the Te–Moak Tribe of Western Shoshone Indians of Nevada, Cross–Claimants,

v.

Felix Ike; Larson Bill; Carla Premo; Karen McDade; Melanie Tom; Steve Johnnie; Stanford Knight; Fermina Stevens; Michael Price; and Does 1–10 inclusive, Cross-defendants.

No. CV–N–01–0067–ECR–PHA.

United States District Court, D. Nevada.

Aug. 21, 2001.

Jeremy Nork, Hale, Lane, Peek, Dennison, Howard & Anderson, Reno, NV, for plaintiff.

Charles Zeh, Zeh, Polaha, Spoo, Hearne & Picker, Reno, NV, for Jody Abe, Clarence Andreozzi, Floyd Bill, Harvey Healy, Leta Jim, Lydia Johnson–Sam, Elwood Mose, and Te–Moak Tribal Council.

Cheri Emm, Churchill County District Attorney's Office, Wes Williams, Williams & Emm, Fallon, NV, for Larson Bill, Felix Ike, Steve Johnnie, Stanford Knight, Karen McDade, Carla Premo, Michael Price, Fermina Stevens, Te–Moak Tribal Council and Melanie Tom.

## *ORDER*

EDWARD C. REED, Jr., District Judge.

### *BACKGROUND*

This interpleader case arises from the uncertainty surrounding the leadership of the Te–Moak Tribe of Western Shoshone Indians of Nevada ("Te–Moak"). Plaintiff U.S. Bancorp, N.A. d/b/a U.S. Bank of Nevada ("U.S.Bancorp") filed this suit seeking to relieve itself of any liability with regard to the accounts it holds for the Te–Moak. U.S. Bancorp claims that it is impossible to know which of two groups is the rightful leadership of the Te–Moak, and, therefore, that it risks liability in releasing any funds.

The two groups of Te–Moak asserting tribal authority are the Mose Group and the Ike Group. The Mose Group asserts that the Ike Group ignored tribal laws during the last election, and then, when the results were contested, improperly obtained a restraining order through the Court of Indian Offenses which barred the Mose Group from entering the tribal offices and carrying out its leadership duties.

On April 4, 2001, the Ike Group filed a motion to dismiss (# 16) the cross-claim of the Mose Group, alleging that the dispute among the members of the Te–Moak tribe is solely a matter of tribal law, and, therefore, that this court lacks jurisdiction to hear the cross-claim. The Mose group opposed (# 24) on April 30, 2001, and the Ike Group replied (# 27) on May 14, 2001. For the following reasons the motion will be GRANTED.

### *MOTION TO DISMISS*

■ Our review of a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is a two part analysis. The first part involves deciding whether the determination of jurisdiction can be made apart from a decision on the merits of the case. When the jurisdictional issue is intertwined with the merits, the court should apply a similar standard as used for summary judgment, assuming that the jurisdictional allegations are true, "unless controverted by undisputed facts in the record." Tei Yan *Sun v. The Governmental Authorities on Taiwan,* 2001 WL 114443, *3 (N.D.Cal.2001). But, when resolution of jurisdiction depends on a decision of factual issues that go to the merits, the issue should await a motion challenging the merits, or a trial. *Thornhill Publishing Co., Inc., v. General Telephone & Electronics Corp.,* 594 F.2d 730, 735 (9th Cir.1979).

■ We find that this case does not present the situation where the resolution of the jurisdictional issue depends on the determination of the merits of the case. Our jurisdiction is independent of the ultimate resolution of the issues presented by the parties.

■ The second part of the analysis involves the focus of the motion. A 12(b)(1) motion can be made in one of two ways. The motion can challenge the sufficiency of the pleadings to support subject matter jurisdiction (a facial challenge), or it can challenge the actual existence of jurisdiction (a factual attack) by way of a "speaking motion." In the latter case, the judge may consider outside evidence and resolve factual disputes. *Berardinelli v. Castle & Cooke, Inc.,* 587 F.2d 37, 39 (9th Cir.1978); *See also, Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983). (holding that unlike a motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), a court can hear outside evidence regarding a motion to dismiss for lack of subject matter jurisdiction.).

■ If the 12(b)(1) is a facial challenge, the pleadings are taken as true for the purposes of the motion. *See Jetform Corp. v. Unisys Corp.,* 11 F.Supp.2d 788,

789 (D.Va.1998) (holding that if the challenge is that the complaint fails to state sufficient facts to support subject matter jurisdiction the analysis is similar to a 12(b)(6) motion, whereby the facts in the complaint are assumed to be true). However, if the movant challenges the existence of subject matter jurisdiction, the pleadings are treated as evidence on the issue. Indeed, in this type of 12(b)(1) motion, the requirement is not unlike that for summary judgment, where the non-moving party cannot rest on the allegations in the complaint, but must present evidence to defeat the motion. *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320 (6th Cir. 1990); *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.,* 813 F.2d 1553, 1558 (9th Cir.1987) (quoting Wright & Miller, *Federal Practice and Procedure* § 1363 at 653–54 (1969)); *Tolan v. United States,* 176 F.R.D. 507, 510 (D.Pa.1998) (holding that the court may review evidence and resolve factual disputes regarding jurisdictional allegations in a 12(b)(1) motion).

We find that the motion to dismiss on behalf of the Ike Group challenges the existence of subject matter jurisdiction, not simply the adequacy of the complaint's allegations. Under this analysis, there is no presumption of truthfulness of the Mose Group's allegations, and the burden is on the Mose Group to establish our jurisdiction. *See Thornhill Publishing Co.,* 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977)).

*ANALYSIS*

▮ Whether we have jurisdiction to consider the cross-claim depends on the question we are answering. The Ike Group asserts that we have been asked to determine who is validly the governing body of the Te–Moak. This, it asserts, is beyond our jurisdiction because it is solely a matter of tribal law. The Mose Group asserts that the question we have been asked to determine is whether the Court of Indian Offenses exceeded the scope of its jurisdiction when it issued the injunction barring the Mose Group from entering the Tribal Headquarters. The Mose Group argues that the decision by Woodside Wright, the Court of Indian Offenses judge, to issue the restraining order barring its entry into the tribal offices constitutes an interference with the outcome of tribal elections, as the judge effectively decided which group of tribal members was the legitimate leadership. The Ike Group does not dispute this contention.

▮ We agree with the Ike Group that we do not have jurisdiction to determine which group is the governing body of the Te–Moak. Deciding a question involving a tribal election dispute is solely a matter of tribal law, and we do not have jurisdiction to address this question. *See, e.g., Shenandoah v. United States Dep't of the Interior,* 159 F.3d 708, 712–13 (2nd Cir.1998) (holding that a federal court did not have jurisdiction to determine which member of the Oneida Tribe was the proper tribal representative, as the question involved purely tribal law); *Wheeler v. United States Dep't of the Interior,* 811 F.2d 549, 552–53 (10th Cir.1987) (affirming the district court's decision that it lacked jurisdiction when the controversy involved purely intra-tribal political controversies); *Boe v. Fort Belknap Indian Cmty. of Fort Belknap Reservation,* 642 F.2d 276, 278 (9th Cir.1981) (distinguishing a habeas remedy as a proper use of the federal court, from interference with tribal elections, an improper use); *Rosebud Sioux Tribe of South Dakota v. Driving Hawk,* 534 F.2d 98, 100 (8th Cir. 1976) (holding that federal courts cannot be used to supervise and decide issues that arise in tribal elections).

▮ However, we also agree with the Mose Group that we do have jurisdiction to determine if the Court of Indian Offenses

exceeded its jurisdiction when it issued a restraining order against the Mose Group. In *National Farmers Union Ins. Cos. v. Crow Tribe*, the United States Supreme Court held that "the District Court correctly concluded that a federal court may determine under § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction." 471 U.S. 845, 853, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). In the case of the Te–Moak, its tribal court is the Court of Indian Offenses, established by 25 C.F.R. Ch. 1 §§ 11.1–11.32C, and administered by the Bureau of Indian Affairs ("BIA"). The jurisdiction of the Court of Indian Offenses is specifically limited in that it does not have jurisdiction to adjudicate any claims that involve internal tribal government disputes. 25 C.F.R. Ch. 1 § 11.104 (2001). Further, "[o]nce the tribal courts have acted, their determination of jurisdiction is subject to review in federal court." *Brown v. Washoe Housing Auth.*, 835 F.2d 1327, 1329 (10th Cir.1988). As stated above, the Ike Group does not dispute that the injunction issued by the presiding judge constitutes the Court of Indian Offenses interfering with the outcome of tribal elections.

## EXHAUSTION OF REMEDIES

As a defense, the Ike Group asserts that the Mose Group failed to exhaust its remedies, and, therefore, cannot bring an action in this court. According to the Ike Group, the Mose Group should have (1) appealed the decision of the Court of Indian Offenses; and (2) pursued intra-tribal remedies.

Tribal courts play a large role in promoting the policy of the United States government to encourage tribal sovereignty. *See Iowa Mut. Ins. Co. v. La-Plante*, 480 U.S. 9, 14–15, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987) ("Tribal courts play a vital role in tribal self government and the Federal Government has consistently encouraged their development.") (citation and footnote omitted). The exhaustion requirement exists to protect tribal sovereignty, and, therefore, a federal court should not exercise jurisdiction over a matter with which it has concurrent jurisdiction with an Indian tribe until the tribal remedies are exhausted. *Tillett v. Lujan*, 931 F.2d 636, 640–41 (10th Cir.1991); *see also United States ex rel. Kishell v. Turtle Mountain Housing Auth.*, 816 F.2d 1273, 1276 (8th Cir.1987) ("[A] federal court should stay its hand until tribal remedies are exhausted and the tribal court has had a full opportunity to determine its own jurisdiction.").

In response, the Mose Group asserts that there is no tribal remedy that exists that it has not exhausted. The Mose group asserts that: (1) no appellate division exists for the Te–Moak Court of Indian Offenses; (2) it sought to have Woodside Wright change his mind, by filing a motion to clarify and amend his ruling, which was denied; and (3) the intra-tribal mechanism set up to resolve the election disputes was new elections, which was unsuccessfully tried. Although these arguments were made in the cross-claim, we treat it as competent evidence because the cross-claim was verified. We also find that the Ike Group did not allege specific facts, or present contrary evidence to support its position.

However, the Mose Group has not made any allegations against the BIA, the Court of Indian Offenses, or Woodside Wright. A challenge to the jurisdiction of a court is properly made by naming the court or its representatives, not by naming the opposing party. The Ike Group could not have exceeded the jurisdiction of the Court of Indian Offenses because it is not a representative of the Court. In order to properly challenge the jurisdiction of the Court of Indian Offenses, the Mose Group will

have to name the Court of Indian Offenses or its representatives as third-party defendants; a decision of the Court of Indian Offenses cannot be found invalid through a claim against a third party.

***IT IS, THEREFORE, HEREBY ORDERED THAT,*** the motion to dismiss the cross claim (# 16) is ***GRANTED.*** Cross-claimants shall have 15 days within which to file an amended complaint making the proper allegations against the BIA, Court of Indian Offenses, and Woodside Wright.